**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | **UNIFIED MESSAGING SOLUTIONS LLC PATENT LITIGATION** | ) ) ) ) ) ) ) | **MDL No. 2371 (ALL CASES)** **Master Docket No. 12 C 6286 (ALL CASES)** **Judge Joan H. Lefkow** **Magistrate Sheila Finnegan** |

**CASE SCHEDULING ORDER**

Having considered the comments and proposals of the parties and the arguments presented at the Initial Pretrial Conference held on October 12, 2012, the Court ORDERS[1]:

**I.   PRETRIAL CONSOLIDATION**

Pursuant to the Transfer Order issued by the Joint Panel on Multidistrict Litigation, Dkt. No. 1, the cases listed in Attachment II to the Order Regarding Initial Pretrial Conference (Dkt. No. 15) are, until further order, consolidated for pretrial purposes, and will share the schedule and procedures stated herein.

**II.  DISCOVERY PROCEDURES**

1. **Initial Disclosures.**

   In accordance with the deadlines set forth in Section III of this Order, each party shall disclose to every other party the following information in lieu of the requirements of FED. R. CIV. P. 26(a)(1):

   A.   the correct names of the parties to the lawsuit;

   B    the name, address, and telephone number of any potential parties;

   C.   the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

---

[1] No obligations shall be deemed to apply to any party whose deadlines are stayed due to a Notice of Suggestion of Bankruptcy. For the avoidance of doubt, no obligations shall be deemed to apply to defendants American Airlines, Inc. or True Beginnings, LLC.

    D.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

    E.    any indemnity agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    F.    any settlement agreements relevant to the subject matter of this action; and

    G.    any statement of any party to the litigation.

2. **Additional Disclosures.**

Each party shall provide to every other party the disclosures required by the Court's Local Patent Rules in accordance with the deadlines set forth in Section III of this Order.

3. **Testifying Experts.**

At the time of disclosure required by Section III of this Order, each party shall disclose to the other party or parties:

    A.    the expert's name, address, and telephone number;

    B.    the subject matter on which the expert will testify;

    C.    a report as required by Federal Rule of Civil Procedure 26(a)(2)(B); and

    D.    if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions.

If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party, the protections against disclosure of expert discovery provided by the Federal Rules, including Rule 26, shall apply. The parties also agree that:

    A.    a testifying expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting

        expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case.  No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation; and

    B.    each expert's current resume and bibliography shall be disclosed to the other party or parties by the due date of the Initial Expert Reports as set by the dates in Section III of this Order.

4.    **Discovery Limitations.**

Aside from the Disclosures addressed in Sections II(1) and II(2) above, including the document production required under LPR 2.4 addressed herein, discovery is formally stayed in these actions pending the issuance of a claim construction order.  Limitations on discovery will be addressed by the Court and the parties in a case management conference to be held subsequent to the Court's issuance of a claim construction order.  The parties agree to meet and confer and address such limitations in a joint statement provided to the Court in advance of the case management conference in accordance with the local rules.

5.    **Privileged Information.**

There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Initial Pretrial Conference.

If any party inadvertently or unintentionally produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by promptly notifying the receiving party in writing after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials; and the parties hereby incorporate Federal Rule of Evidence 502 by reference herein. After receipt of this notice, the receiving party shall promptly gather and return all copies of the privileged or immune material to the producing party, including those that have been shared with experts, consultants, and vendors, except for pages containing privileged markings by the recipients, which pages shall instead be destroyed and certified as such by the receiving party to the producing party.

No use shall be made of such documents or information during depositions, through motion practice, or at trial. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question and once the receiving party has gathered and returned all copies of the privileged or immune material to the producing party) by submitting a written challenge to the Court, during which the contested privileged materials shall be submitted to the Court under seal/*in camera* by the party claiming privilege for the Court to determine whether privilege applies. Any such written challenge shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the written challenge disclose or otherwise use the content of the previously produced and returned documents or information in any way. Notwithstanding the above, a written challenge may use, in addition to information independent of the snapped-back content, the identity of the author(s), recipient(s), and date(s) reflected on the face of the snapped-back materials as a basis for challenging the producing party's privilege claim.

No party is required to include in a privilege log documents created after March 15, 2011 except as provided under LPR 3.6.

6. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

7. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

8. **Protective Orders.** The parties shall meet and confer regarding the terms of a protective order and will submit (a) an agreed protective order or (b) competing protective orders within thirty (30) days from the signing by the Court of a Case Management Order in this case. Any documents produced prior to the entry of the protective order shall be treated in accordance with the provisions of the protective order filed by the Court in Master Docket No. 12 C 6286, Dkt. No. 17.

9. **Service by Email.** The parties agree to accept service by email to all counsel of record for the party to be served. The parties agree that three (3) days shall still be added to deadlines based on Federal Rule of Civil Procedure 6.

10. **Electronic Discovery.** The parties shall submit a stipulation governing electronic discovery (including email discovery) within thirty (30) days after this Case Management Order is entered. The parties agree that e-mail is not included in the scope of documents that will be produced in accordance with Section II(2) of this Order or under LPR 2.4; rather e-mail discovery will be governed by the parties' stipulation.

11. **Organization of Counsel.**

    A. To act on behalf of Plaintiff, with the responsibilities prescribed in Exhibit 6, the Court designates:

        (i) as Lead Counsel: **Edward R. Nelson, III**, Nelson Bumgardner Casto P.C., 3131 W. 7th St., Fort Worth, TX 76107, (817) 377-3489.

        (ii) as Liaison Counsel: **Timothy Grochocinski**, InnovaLaw, P.C., 1900 Ravinia Place, Orland Park, IL 60462, (708) 675-1974.

    B. To act on behalf of all Defendants, with the responsibilities prescribed in Defendants' Notice Regarding Liaison and Lead Counsel (Dkt. 83), the Court designates:

        (i) as Liaison Counsel: **McDermott Will & Emery LLP**, including attorneys **Jeffrey Stone**, **Matthew Gryzlo**, and **Amol Parikh**, 227 West Monroe Street, Chicago, IL 60606-5096, (312) 372-2000; and **Yar Chaikovsky**, **Stuart Bartow**, and **Bryan James**, 275 Middlefield Road, Suite 100, Menlo Park, CA 94025, (650) 815-7400.

        (ii) at this time, the Court does not designate a Lead Counsel to act on behalf of the Defendants.

### III. CASE SCHEDULE

| Event | Date |
| --- | --- |
| **Amended Complaint due from Plaintiff.** Should Plaintiff wish to Amend its Complaint, it is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. This shall not prejudice any Defendant's right to move the Court to strike or dismiss any Amended Petition filed by | Oct. 26, 2012 |

| Event | Date |
|---|---|
| Plaintiff. | |
| **Comply with LPR 2.2.** Initial or Amended Infringement Contentions due. Plaintiff shall be limited to a total of no more than 20 asserted claims against all Defendants (in the aggregate). | Nov. 16, 2012 |
| **Responsive Pleadings or Motions to Strike or Dismiss on Amended Complaints due.** ***<br><br>**Initial Disclosures (per Section II (1) above).** | Nov. 16, 2012 |
| **Replies to Counterclaims and/or Responses to Motions to Strike or Dismiss due.** | Dec. 7, 2012 |
| **Status Conference.** | Dec. 14, 2012 at 9:30 am |
| **Comply with LPR 2.3** with respect to Initial or Amended Invalidity Contentions. With respect to invalidity defenses based on prior art, Defendants (in the aggregate) shall be limited to asserting no more than 8 independent bases of invalidity per asserted claim. For the avoidance of doubt, a single basis of invalidity may include multiple prior art references. To the extent that a single basis for invalidity includes multiple prior art references (e.g., a combination of references under § 103), Defendants must identify the specific combination of prior art references relied upon.<br><br>***<br>**Comply with LPR 2.4.** Production of documentation showing the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its LPR 2.2 chart, and prior art not appearing in the file histories of the patents in suit at issue. | Jan. 18, 2013 |
| **Status Conference.** | Jan. 18, 2013 at 9:30 am |
| **Comply with LPR 4.1(a).** Exchange of Proposed Claim Terms, proposed | Jan. 25, 2013 |

| Event | Date |
|---|---|
| constructions, means plus function terms, and means plus function terms' function and structure. | |
| **Comply with LPR 4.1(b).** Deadline to meet and confer and agree on terms for construction. The parties shall not be bound by the 10 term limit set forth in LPR 4.1(b). If necessary, limits of the number of claim terms for construction shall be addressed at the Feb. 8, 2013 status conference. | Feb. 8, 2013 |
| **Status Conference.** | Feb. 8, 2013 at 9:30 am |
| **Comply with LPR 4.2(a).** Defendants (parties opposing infringement) to file Opening Claim Construction Brief. | Mar. 8, 2013 |
| **Comply with LPR 4.2(b).** Joint Appendix due. | Mar. 8, 2013 |
| **Comply with LPR 4.2(c).** Plaintiff (party claiming infringement) to file Responsive Claim Construction Brief. | Apr. 5, 2013 |
| **Comply with LPR 4.2(d).** Defendants (parties opposing infringement) to file Reply Claim Construction Brief. | Apr. 26, 2013 |
| **Claim Construction Tutorials.** Plaintiff and/or Defendants (in the aggregate) may submit claim construction tutorials to the Court on DVD. | May 9, 2013 |
| **Comply with LPR 4.2(f).** Parties to file (1) joint claim construction chart, and (2) joint status report. | May 10, 2013 |
| **Claim Construction Hearing pursuant to LPR 4.3.** | May 23, 2013 |
| **Post-Claim Construction Hearing Case Management Conference.** | TBD |
| **Later deadlines to be set in a Post-Claim Construction Hearing Case Management Conference.** | |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.