**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:  UNIFIED MESSAGING SOLUTIONS LLC PATENT LITIGATION | MDL No. 2371 <br><br> Master Docket No. 12 C 6286 <br><br> Regarding: Case No. 12 C 6641 <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AGAINST THE VANGUARD GROUP, INC. AND
THE VANGUARD MARKETING CORPORATION**

Plaintiff Unified Messaging Solutions LLC files this First Amended Complaint against The Vanguard Group, Inc. and The Vanguard Marketing Corporation for infringement of U.S. Patent No. 7,934,148 ("the '148 patent").

**THE PARTIES**

1. Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

2. The Vanguard Group, Inc. is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania. This Defendant does business in the State of New York and in the Southern District of New York. This Defendant has answered.

3. The Vanguard Marketing Corporation (together with The Vanguard Group, Inc., "Defendants") is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. This Defendant does business in the State of New York and in the Southern District of New York. This Defendant has answered.

## **JURISDICTION AND VENUE**

4. Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5. The United States District Court for the Southern District of New York has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. The United States District Court for the Northern District of Illinois has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in the Southern District of New York, has committed acts of infringement in the Southern District of New York, has purposely transacted business in the Southern District of New York, and/or has regular and established places of business in the Southern District of New York. Venue is proper in the United States District Court for the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

7. Each Defendant is subject to the United States District Court for the Southern District of New York's specific and general personal jurisdiction pursuant to due process and/or the New York Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to New York residents. With regards to pretrial proceedings, each Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

8. Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

9. Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit A.

10. The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

11. Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 7, 90-91, and 140, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

12. More particularly, Defendants have committed direct infringements as alleged in Count I, at least through operation of their Statements and Confirmations feature of their online brokerage offerings accessible through their website, www.vanguard.com.

13. In the alternative, Defendants have committed indirect infringements as alleged in Count I at least through their inducing and/or contributing to the infringements of their customers via its Statements and Confirmations feature. Defendants have possessed knowledge of the '148

patent since at least the time that Unified Messaging effected service of its Original Complaint in *Unified Messaging Solutions LLC v. The Vanguard Group, Inc. et al.*, Civil Action No. 6:12-cv-03618, in the United States Court for the Southern District of New York. Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the Statements and Confirmations feature in a manner that infringes at least claims 1, 7, 90-91, and 140 of the '148 patent by instructing and/or encouraging the customers to use the customers to use the Statements and Confirmations feature.

   14. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count I. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court find in its favor and against Defendants, and that the Court grant Unified Messaging the following relief:

  a. Judgment that one or more claims of the '148 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

  b. Judgment that Defendants account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendants' infringing activities and other conduct complained of herein;

c.  Judgment that Defendants account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.  That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.  That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: October 26, 2012**                    Respectfully submitted,

/s/ Edward R. Nelson, III
Edward R. Nelson, III
Texas State Bar No. 00797142
Lead Counsel
Brent N. Bumgardner
Texas State Bar No. 00795272
Christie B. Lindsey
Texas State Bar No. 24041918
Thomas C. Cecil
Texas State Bar No. 24069489
Jonathan H. Rastegar
Texas State Bar No. 24064043
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
enelson@nbclaw.net
bbumgarnder@nbclaw.net
clindsey@nbclaw.net
tcecil@nbclaw.net
jrastergar@nbclaw.net

Timothy E. Grochocinski
Illinois State Bar No. 6295055
INNOVALAW, P.C.
1900 Ravina Place
Orland Park, IL 60462
(708) 675-1974
teg@innovalaw.com

**Attorneys for Plaintiff**
**Unified Messaging Solutions LLC**

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                            /s/ Edward R. Nelson, III