**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: UNIFIED MESSAGING SOLUTIONS LLC PATENT LITIGATION** | MDL No. 2371 <br><br> Master Docket No. 12 C 6286 <br><br> Regarding: Case No. 12 C 6640 <br><br> JURY TRIAL DEMANDED |

**MORGAN STANLEY, MORGAN STANLEY & CO. LLC, AND MORGAN STANLEY
SMITH BARNEY LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
<u>SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

As and for their Answer, Affirmative Defenses, and Demand For Jury Trial in response to Plaintiff Unified Messaging Solutions LLC's ("UMS's") Second Amended Complaint in this civil action (the "Second Amended Complaint"), Defendants Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley Smith Barney LLC (collectively, "Morgan Stanley"), by and through their attorneys, hereby state as follows.

While UMS's Second Amended Complaint is captioned in the United States District Court for the Northern District of Illinois, Morgan Stanley understands this caption to be the result of Multi-District Litigation ("MDL") filing procedures, and that this caption does not seek in any way to change the United States District Court for the Southern District of New York as the Court of original jurisdiction for this civil action and the Court to which this civil action should be returned for any trial.

## ANSWER

1.      Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

**RESPONSE:**  Morgan Stanley is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Second Amended Complaint and, therefore, denies them on that basis.

2.      Morgan Stanley is a Delaware corporation with its principal place of business in New York, New York.  This Defendant does business in the State of New York and in the Southern District of New York.  This Defendant has answered.

**RESPONSE:**  Morgan Stanley admits the allegations of Paragraph 2 of the Second Amended Complaint.

3.      Morgan Stanley & Co. LLC is a Delaware limited liability company with its principal place of business in New York, New York.  This Defendant does business in the State of New York and in the Southern District of New York.  This Defendant has answered.

**RESPONSE:**  Morgan Stanley admits the allegations of Paragraph 3 of the Second Amended Complaint.

4.      Morgan Stanley Smith Barney LLC (together with Morgan Stanley and Morgan Stanley & Co. LLC, "Defendants") is a Delaware limited liability company with its principal place of business in New York, New York.  This Defendant does business in the State of New York and in the Southern District of New York. This Defendant has answered.

**RESPONSE:**  Morgan Stanley admits the allegations of Paragraph 4 of the Second Amended Complaint.

5.      Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

**RESPONSE:**  Morgan Stanley admits that UMS purports to bring an action for patent infringement under the patent laws of the United States, but denies that there is any factual or legal basis for any such action.

6.      The United States District Court for the Southern District of New York has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. The United States District Court for the Northern District of Illinois has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

**RESPONSE:**  Morgan Stanley admits that the United States District Court for the Southern

District of New York has subject matter jurisdiction over the claims in this action pursuant to 28

U.S.C. §§ 1331 and 1338(a).  Morgan Stanley does not contest that this Court has subject matter

jurisdiction over the pretrial proceedings in this action pursuant to 28 U.S.C. § 1407.  Morgan

Stanley denies the remaining allegations in Paragraph 6 of the Second Amended Complaint.

7.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant is deemed to reside in the Southern District of New York, has committed acts of infringement in the Southern District of New York, has purposely transacted business in the Southern District of New York, and/or has regular and established places of business in the Southern District of New York. Venue is proper in the United States District Court for the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

**RESPONSE:**  Morgan Stanley admits for purposes of this civil action that it resides in the

Southern District of New York and that, as a result, venue for this civil action is proper in the United

States District Court for the Southern District of New York under 28 U.S.C. §§ 1391(c) and 1400(b).

Morgan Stanley further admits that venue is proper in the United States District Court for the

Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.  Morgan Stanley

denies that it has committed any acts of patent infringement, whether in the United States District

Court for the Southern District of New York or any other judicial district, and therefore denies any

allegation that venue is proper in the United States District Court for the Southern District of New

York or any other judicial district based on the location of any alleged acts of patent infringement.

To the extent Paragraph 7 of the Second Amended Complaint contains any other or different

allegations, Morgan Stanley denies them.

8.      Each Defendant is subject to the United States District Court for the Southern District of New York's specific and general personal jurisdiction pursuant to due process and/or the New York Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to New York residents. With regards to pretrial proceedings, each Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

**RESPONSE:** Morgan Stanley admits for purposes of this civil action that it is subject to the

United States District Court for the Southern District of New York's personal jurisdiction. Morgan

Stanley further admits that the United States District Court for the Northern District of Illinois has

personal jurisdiction over the pretrial proceedings in this civil action pursuant to 28 U.S.C. § 1407.

Morgan Stanley denies that it has committed any acts of patent infringement, whether in this judicial

district or any other judicial district, and therefore denies any allegation that personal jurisdiction is

proper in the United States District Court for the Southern District of New York or any other judicial

district based on the location of any alleged acts of patent infringement. To the extent Paragraph 8

of the Second Amended Complaint contains any other or different allegations, Morgan Stanley

denies them.

9.      Unified Messaging incorporates paragraphs 1 through 8 herein by reference.

**RESPONSE:** Morgan Stanley repeats, as if fully set forth herein, its responses to

Paragraphs 1 through 8 of the Second Amended Complaint set forth above.

10.      Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '074 patent is attached as Exhibit A.

**RESPONSE:** Morgan Stanley admits that U.S. Patent No. 6,857,074 ("the '074 patent") is

titled "Systems and Methods for Storing, Delivering, and Managing Messages." Morgan Stanley

further admits that UMS purports to have attached a true and correct copy of the '074 patent as

Exhibit A to the Second Amended Complaint. Morgan Stanley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Second Amended Complaint and, therefore, denies them on that basis.

11.     The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**RESPONSE:**  Denied.

12.     Defendants have infringed and continue to infringe one or more claims of the '074 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 2, and 4, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**RESPONSE:**  Denied.

13.     More particularly, Defendants have committed direct infringements as alleged in Count I, at least through operation of their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

**RESPONSE:**  Denied.

14.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count I. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**RESPONSE:**  Denied.

15.     Unified Messaging incorporates paragraphs 1 through 8 herein by reference.

**RESPONSE:**  Morgan Stanley repeats, as if fully set forth herein, its responses to Paragraphs 1 through 14 of the Second Amended Complaint set forth above.

16.     Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '141 patent is attached as Exhibit B.

**RESPONSE:**  Morgan Stanley admits that U.S. Patent No. 7,836,141 ("the '141 patent") is

titled "Systems and Methods for Storing, Delivering, and Managing Messages."  Morgan Stanley

further admits that UMS purports to have attached a true and correct copy of the '141 patent as

Exhibit B to the Second Amended Complaint.  Morgan Stanley is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Second

Amended Complaint and, therefore, denies them on that basis.

17.     The '141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**RESPONSE:**  Denied.

18.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '141 patent in this judicial district and elsewhere in New York and the United States, including at least claims 21, 24, and 29, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**RESPONSE:**  Denied.

19.     More particularly, Defendants have committed direct infringements as alleged in Count II, at least through operation of their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

**RESPONSE:**  Denied.

20.     In the alternative, Defendants have committed indirect infringements as alleged in Count II at least through thier [*sic*] inducing and/or contributing to the infringements of their customers via its online banking and brokerage offerings.  Defendants have possessed knowledge of the '141 patent since at least the time that Unified Messaging effected service of its Original Complaint in *Unified Messaging Solutions LLC v. Morgan Stanley*, Civil Action No. 1:12-cv-3617, in the United States Court for the Southern District of New York.  Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers.

Defendants have specifically intended for their customers to use the online banking and brokerage offerings in a manner that infringes at least claims 21, 24, and 29 of the '141 patent by instructing and/or encouraging the customers to use the customers to use the online banking and brokerage offerings.

**RESPONSE:** Morgan Stanley admits that it became aware of the '141 patent when it was

served with the original complaint in *Unified Messaging Solutions LLC v. Morgan Stanley*, Civil

Action No. 1:12-cv-3617, in the United States District Court for the Southern District of New York.

Morgan Stanley denies the remaining allegations of Paragraph 20 of the Second Amended

Complaint.

21.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count II. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**RESPONSE:** Denied.

22.     Unified Messaging incorporates paragraphs 1 through 8 herein by reference.

**RESPONSE:** Morgan Stanley repeats, as if fully set forth herein, its responses to

Paragraphs 1 through 21 of the Second Amended Complaint set forth above.

23.     Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '306 patent is attached as Exhibit C.

**RESPONSE:** Morgan Stanley admits that U.S. Patent No. 7,895,306 ("the '306 patent") is

titled "Systems and Methods for Storing, Delivering, and Managing Messages." Morgan Stanley

further admits that UMS purports to have attached a true and correct copy of the '306 patent as

Exhibit C to the Second Amended Complaint. Morgan Stanley is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Second

Amended Complaint and, therefore, denies them on that basis.

24.     The '306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**RESPONSE:** Denied.

25.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '306 patent in this judicial district and elsewhere in New York and the United States, including at least claims 5, 25, 37, and 40, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**RESPONSE:** Denied.

26.     More particularly, Defendants have committed direct infringements as alleged in Count III, at least through operation of their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

**RESPONSE:** Denied.

27.     In the alternative, Defendants have committed indirect infringements as alleged in Count III at least through their inducing and/or contributing to the infringements of their customers via its online banking and brokerage offerings.  Defendants have possessed knowledge of the '306 patent since at least the time that Unified Messaging effected service of its Original Complaint in *Unified Messaging Solutions LLC v. Morgan Stanley*, Civil Action No. 1:12-cv-3617, in the United States Court for the Southern District of New York.  Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers.  Defendants have specifically intended for their customers to use the online banking and brokerage offerings in a manner that infringes at least claims 5, 25, 37, and 40 of the '306 patent by instructing and/or encouraging the customers to use the customers to use the online banking and brokerage offerings.

**RESPONSE:** Morgan Stanley admits that it became aware of the '306 patent when it was

served with the original complaint in *Unified Messaging Solutions LLC v. Morgan Stanley*, Civil

Action No. 1:12-cv-3617, in the United States District Court for the Southern District of New York.

Morgan Stanley denies the remaining allegations of Paragraph 27 of the Second Amended

Complaint.

28.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count III.  Defendants are, thus, liable to Unified Messaging in an amount that

adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**RESPONSE:** Denied.

29.     Unified Messaging incorporates paragraphs 1 through 8 herein by reference.

**RESPONSE:** Morgan Stanley repeats, as if fully set forth herein, its responses to

Paragraphs 1 through 28 of the Second Amended Complaint set forth above.

30.     Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '313 patent is attached as Exhibit D.

**RESPONSE:** Morgan Stanley admits that U.S. Patent No. 7,895,313 ("the '313 patent") is

titled "Systems and Methods for Storing, Delivering, and Managing Messages."  Morgan Stanley

further admits that UMS purports to have attached a true and correct copy of the '313 patent as

Exhibit D to the Second Amended Complaint.  Morgan Stanley is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Second

Amended Complaint and, therefore, denies them on that basis.

31.     The '313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**RESPONSE:** Denied.

32.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '313 patent in this judicial district and elsewhere in New York and the United States, including at least claims 10 and 11, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**RESPONSE:** Denied.

33.     More particularly, Defendants have committed direct infringements as alleged in Count IV, at least through operation of their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

**RESPONSE:** Denied.

34.     In the alternative, Defendants have committed indirect infringements as alleged in Count IV at least through their inducing and/or contributing to the infringements of their customers via its online banking and brokerage offerings. Defendants have possessed knowledge of the '313 patent since at least the time that Unified Messaging effected service of its Original Complaint in *Unified Messaging Solutions LLC v. Morgan Stanley*, Civil Action No. 1:12-cv-3617, in the United States Court for the Southern District of New York. Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the online banking and brokerage offerings in a manner that infringes at least claims 10 and 11 of the '313 patent by instructing and/or encouraging the customers to use the customers to use the online banking and brokerage offerings.

**RESPONSE:** Morgan Stanley admits that it became aware of the '313 patent when it was served with the original complaint in *Unified Messaging Solutions LLC v. Morgan Stanley*, Civil Action No. 1:12-cv-3617, in the United States District Court for the Southern District of New York. Morgan Stanley denies the remaining allegations of Paragraph 34 of the Second Amended Complaint.

35.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count IV. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**RESPONSE:** Denied.

36.     Unified Messaging incorporates paragraphs 1 through 8 herein by reference.

**RESPONSE:** Morgan Stanley repeats, as if fully set forth herein, its responses to Paragraphs 1 through 35 of the Second Amended Complaint set forth above.

37.     Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '148 patent is attached as Exhibit E.

**RESPONSE:**  Morgan Stanley admits that U.S. Patent No. 7,934,148 ("the '148 patent") is

titled "Systems and Methods for Storing, Delivering, and Managing Messages."  Morgan Stanley

further admits that UMS purports to have attached a true and correct copy of the '148 patent as

Exhibit E to the Second Amended Complaint.  Morgan Stanley is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Second

Amended Complaint and, therefore, denies them on that basis.

38.     The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**RESPONSE:**  Denied.

39.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 7, 90-91, and 140 without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**RESPONSE:**  Denied.

40.     More particularly, Defendants have committed direct infringements as alleged in Count V, at least through operation of their Statements and Reports feature and their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

**RESPONSE:**  Denied.

41.     In the alternative, Defendants have committed indirect infringements as alleged in Count V at least through their inducing and/or contributing to the infringements of their customers via its online banking and brokerage offerings.  Defendants have possessed knowledge of the '148 patent since at least the time that Unified Messaging effected service of its Original Complaint in *Unified Messaging Solutions LLC v. Morgan Stanley*, Civil Action No. 1:12-cv-3617, in the United States Court for the Southern District of New York.  Defendants have known or should have known

that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the online banking and brokerage offerings in a manner that infringes at least claims 1, 7, 90-91, and 140 of the '148 patent by instructing and/or encouraging the customers to use the customers to use the online banking and brokerage offerings.

**RESPONSE:** Morgan Stanley admits that it became aware of the '148 patent when it was served with the original complaint in *Unified Messaging Solutions LLC v. Morgan Stanley*, Civil Action No. 1:12-cv-3617, in the United States District Court for the Southern District of New York. Morgan Stanley denies the remaining allegations of Paragraph 41 of the Second Amended Complaint

42. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count V. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**RESPONSE:** Denied.

## ANSWER TO UMS'S PRAYER FOR RELIEF

Morgan Stanley denies that UMS is entitled to any relief whatsoever, whether as sought in the Prayer For Relief of its Second Amended Complaint or otherwise, in connection with this civil action.

## GENERAL DENIAL

Morgan Stanley denies each and every allegation contained in UMS's Second Amended Complaint that was not specifically admitted above.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses to UMS's Second Amended Complaint, and undertaking the burden of proof with respect to such Affirmative Defenses only to the extent required by law, Morgan Stanley hereby states as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

UMS's Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Morgan Stanley does not infringe and has not infringed, directly or indirectly, any claim of any of the '074, '141, '306, '313, and/or '148 patents, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity Pursuant To Part II Of Title 35)

Each asserted claim of the '074, '141, '306, '313, and '148 patents is invalid for failure to meet one or more of the conditions for patentability specified in Part II of Title 35, specifically including 35 U.S.C. §§ 101, 102, and/or 103. For example, each asserted claim of the '074, '141, '306, '313, and '148 patents is invalid under 35 U.S.C. §§ 102 and/or 103 in light of, among other prior art references, U.S. Patent Nos. 5,715,314; 6,233,318; 5,608,786; "Toward Effective Conversational Messaging," Matthew Talin Marx, May 12, 1995; Mailcall webmail system, Matthew Talin Marx, November 1994; WebMail 1.0, Luca Manunza, March 22, 1995; Webex Mail Client, Matt Mankins, April 1995; "Dynamic Documents: Mobile Wireless Access to the WWW,

"Kaashoek, Pinckney, and Tauber, December 1994; and "Dynamic Documents: Extensibility and Adaptability in the WWW," Kaashoek, Pinckney, and Tauber, September 1994.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity Pursuant To 35 U.S.C. § 112)

Each asserted claim of the '074, '141, '306, '313, and '148 patents is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 112. For example, the term "the mark-up language file" in Claim 1 of the '148 Patent renders every asserted claim in which it appears invalid under 35 U.S.C. § 112 because it is indefinite.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

UMS's claims are barred, in whole or in part, under the principles of equity, including unclean hands, estoppel, laches, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

UMS's claims are barred, in whole or in part, based on prosecution history estoppel. For example, the Applicant amended Claim 1 of the '306 Patent to avoid prior art cited by the Examiner during prosecution. UMS is estopped from reclaiming the subject matter surrendered by that amendment in this civil action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Limitations On Damages And Costs)

UMS's claims for relief and prayer for damages are limited by 35 U.S.C. § 287 because, on information and belief, UMS has failed to mark products incorporating the '074, '141, '306, '313, and/or '148 patented technology that it has sold or licensed within the United States and failed to

provide any actual notice of alleged infringement to Morgan Stanley. UMS is further barred by 35 U.S.C. § 288 from recovering any costs associated with its action. To the extent UMS seeks damages for alleged infringement more than six years prior to the filing of this civil action, its claims are additionally barred by the statute of limitations under 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack Of Standing)

Upon information and belief, UMS does not have the full right, title, and interest in the '074, '141, '306, '148, and '313 patents, and therefore UMS's claims are barred, in whole or in part, because UMS lacks standing to assert such claims.

## NINTH AFFIRMATIVE DEFENSE

### (No Entitlement To Injunctive Relief)

UMS is not entitled to any injunctive relief in connection with this action. UMS has, at a minimum, suffered no irreparable injury and has an adequate remedy at law. For example, UMS has licensed the patents asserted in this action to third parties, confirming that monetary damages would be adequate to compensate UMS for any alleged patent infringement.

Morgan Stanley reserves the right to assert additional affirmative defenses that become available or appear during discovery proceedings in this action and reserves the right to amend its Answer And Affirmative Defenses to UMS's Second Amended Complaint for the purpose of asserting any such additional affirmative defense.

## MORGAN STANLEY'S PRAYER FOR RELIEF

WHEREFORE, Morgan Stanley prays for judgment in its favor and against UMS as follows:

A.  That UMS take nothing by its Second Amended Complaint;

B.  That the United States District Court for the Southern District of New York enter final judgment against UMS and in favor of Morgan Stanley and that the Second Amended Complaint in this action be dismissed in its entirety, with prejudice;

C.  That the United States District Court for the Southern District of New York deem this an exceptional case under 35 U.S.C. § 285 and award Morgan Stanley its costs and reasonable attorneys' fees; and

D.  That the United States District Court for the Southern District of New York award Morgan Stanley any and all other and further relief that it deems just and proper.

## JURY DEMAND

Morgan Stanley respectfully demands a jury trial in the Southern District of New York on all the issues so triable.

DATED:  November 13, 2012          Respectfully submitted,


By:  */s/ Tigran Vardanian*

QUINN EMANUEL
URQUHART & SULLIVAN, LLP

Peter J. Armenio
Tigran Vardanian

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
peterarmenio@quinnemanuel.com
tigranvardanian@quinnemanuel.com

David A. Nelson
Thomas W. Cushing

500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
davenelson@quinnemanuel.com
thomascushing@quinnemanuel.com


*Attorney for Defendants*
*Morgan Stanley*
*Morgan Stanley & Co. LLC*
*Morgan Stanley Smith Barney LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record are being served with a copy of this document via the Court's CM/ECF system on November 13, 2012.


By <u>*/s/ Tigran Vardanian*</u>
Tigran Vardanian