**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | :  |  |
|---|---|---|---|
| IN RE: | UNIFIED MESSAGING SOLUTIONS LLC PATENT LITIGATION | : : : : | MDL No. 2371 Master Docket No. 12 CV 06286 Regarding Case No. 12 C 6641 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS THE VANGUARD GROUP, INC.'S AND
VANGUARD MARKETING CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively, "Vanguard"), by and through their undersigned counsel, hereby answer Unified Messaging Solutions LLC's First Amended Complaint for Patent Infringement (the "Complaint") as follows:

**THE PARTIES**

1.      Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

**Answer:**  Vanguard is without sufficient information to form an opinion as to the truth of the allegations in Paragraph No. 1 of the Complaint and, on that basis, denies them.

2.      The Vanguard Group, Inc. is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania. This Defendant does business in the State of New York and in the Southern District of New York. This Defendant has answered.

**Answer:**  Vanguard admits that The Vanguard Group, Inc. is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania.  Vanguard also admits that The Vanguard Group, Inc. has participated in certain business transactions that have, in some part, taken place in the State of New York and in the Southern District of New York.  Vanguard

further admits that, on July 12, 2012, The Vanguard Group, Inc. filed with the Southern District of New York its Answer, Affirmative Defenses and Counterclaims in response to Plaintiff's Complaint for Patent Infringement, dated May 7, 2012. Vanguard denies the remaining allegations in Paragraph No. 2.

3.     The Vanguard Marketing Corporation (together with The Vanguard Group, Inc., "Defendants") is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. This Defendant does business in the State of New York and in the Southern District of New York. This Defendant has answered.

**Answer:**  Vanguard admits that Vanguard Marketing Corporation is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania.  Vanguard also admits that Vanguard Marketing Corporation has participated in certain business transactions that have, in some part, taken place in the State of New York and in the Southern District of New York. Vanguard further admits that, on July 12, 2012, Vanguard Marketing Corporation filed with the Southern District of New York its Answer, Affirmative Defenses and Counterclaims in response to Plaintiff's Complaint for Patent Infringement, dated May 7, 2012.  Vanguard denies the remaining allegations in Paragraph No. 3.

## JURISDICTION AND VENUE

4.     Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

**Answer:**  Vanguard admits that Unified Messaging Solutions LLC ("Unified") purports to bring this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5.     The United States District Court for the Southern District of New York has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. The United States District Court for the Northern District of Illinois has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

**Answer:**  Vanguard admits that the United States District Court for the Southern District

of New York has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C.

§§ 1331, 1338(a) and 1367, and that the United States District Court for the Northern District of

Illinois has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

6.     Venue is proper in the United States District Court for the Southern District of
New York pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each
Defendant is deemed to reside in the Southern District of New York, has committed acts of
infringement in the Southern District of New York, has purposely transacted business in the
Southern District of New York, and/or has regular and established places of business in the
Southern District of New York. Venue is proper in the United States District Court for the
Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

**Answer:** Vanguard denies that venue is convenient in either the Southern District of

New York or the Northern District of Illinois but does not, for purposes of this action only,

contest venue in either district. Vanguard also admits that it has participated in certain business

transactions that have, in some part, taken place in the Southern District of New York. Vanguard

denies the remaining allegations in Paragraph No. 6.

7.     Each Defendant is subject to the United States District Court for the Southern
District of New York's specific and general personal jurisdiction pursuant to due process and/or
the New York Long Arm Statute, due at least to their substantial business in this State and
judicial district, including: (A) at least part of their infringing activities alleged herein; and (B)
regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods
and services provided to New York residents. With regards to pretrial proceedings, each
Defendant is subject to the United States District Court for the Northern District of Illinois's
specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

**Answer:** Vanguard admits that, for purposes of this action only, it is subject to personal

jurisdiction in the Southern District of New York. Vanguard also admits that, for purposes of

this action only, and with regards to pretrial proceeding, it is subject to personal jurisdiction in

the Northern District of Illinois pursuant to 28 U.S.C. § 1407. Vanguard also admits that it has

participated in certain business transactions that have, in some part, taken place in the Southern

District of New York. Vanguard denies the remaining allegations in Paragraph No. 7.

## COUNT I

### ([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

8.      Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

**Answer:** Paragraph No. 8 does not require a response by Vanguard. To the extent that a response is required, Vanguard incorporates its answers to Paragraph Nos. 1-7 of the Complaint as if fully set forth herein.

9.      Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit A.

**Answer:** Vanguard admits that the '148 patent is titled "Systems and Methods for Storing, Delivering, and Managing Messages," and that a copy of the '148 patent appears to be attached to the Complaint as Exhibit A. Vanguard is without sufficient information to form an opinion as to the truth of the remaining allegations recited in Paragraph No. 9 of the Complaint and, on that basis, denies them.

10.     The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**Answer:** Vanguard denies the allegations in Paragraph No. 10 of the Complaint.

11.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 7, 90-91, and 140, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**Answer:** Vanguard denies the allegations in Paragraph No. 11 of the Complaint.

12.     More particularly, Defendants have committed direct infringements as alleged in Count I, at least through operation of their Statements and Confirmations feature of their online brokerage offerings accessible through their website, www.vanguard.com.

**Answer:** Vanguard denies the allegations in Paragraph No. 12 of the Complaint.

13. In the alternative, Defendants have committed indirect infringements as alleged in Count I at least through their inducing and/or contributing to the infringements of their customers via its Statements and Confirmations feature. Defendants have possessed knowledge of the '148 patent since at least the time that Unified Messaging effected service of its Original Complaint in *Unified Messaging Solutions LLC v. The Vanguard Group, Inc. et al.*, Civil Action No. 6:12-cv-03618, in the United States Court for the Southern District of New York. Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the Statements and Confirmations feature in a manner that infringes at least claims 1, 7, 90-91, and 140 of the '148 patent by instructing and/or encouraging the customers to use the customers to use the Statements and Confirmations feature.

**Answer:** Vanguard denies the allegations in Paragraph No. 13 of the Complaint.

14. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count I. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:** Vanguard denies the allegations in Paragraph No. 14 of the Complaint.

To the extent that allegations of the Complaint are not expressly admitted above, Vanguard denies them.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Vanguard denies that Unified is entitled to any relief and asks that the Court enter a judgment in its favor on all claims, counts and prayers for relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, and without waiving Plaintiff's obligation to prove each and every element of its claims, Vanguard asserts the following defenses:

### First Affirmative Defense

Vanguard has not infringed and does not infringe in any way (either directly, contributorily or by inducement) any valid and enforceable claim of the '148 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

Each of the claims of the '148 patent are invalid and/or unenforceable because the '148 patent fails to meet one or more of the conditions of patentability as set forth in 35 U.S.C. § 101 et seq., and/or fails to comply with the statutes and regulations governing the application for and prosecution of patents.

### Third Affirmative Defense

By reason of the proceedings in the PTO during prosecution of the application for the '148 patent and/or related patent applications, Unified is estopped from asserting any claim construction or scope that would cover any products, systems or methods of Vanguard.

### Fourth Affirmative Defense

Unified's claims for damages and prayer for relief are limited, in whole or in part, to the extent that Unified and its predecessors in interest to the '148 patent failed to properly mark relevant products as required by 35 U.S.C. § 287.

**Fifth Affirmative Defense**

Unified's claims and prayer for relief for indirect infringement are barred prior to service of its May 7, 2012 Complaint, as such alleged infringement predates Vanguard's knowledge of the '148 patent.

**COUNTERCLAIMS**

Defendants and Counter-Claimants, The Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively, "Vanguard"), for their Counterclaims against Plaintiff and Counter-Defendant Unified Messaging Solutions LLC ("Unified"), allege as follows:

**The Parties**

1.      The Vanguard Group, Inc. is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania.

2.      Vanguard Marketing Corporation is a Pennsylvania corporation and a wholly owned subsidiary of The Vanguard Group, Inc.

3.      On information and belief, Unified Messaging Solutions LLC ("Unified") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

4.      Unified has asserted that it is the exclusive licensee of the '148 patent and holds all rights to enforce, sue and recover for past and future infringement of the '148 patent.

5.      In Plaintiff's First Amended Complaint For Patent Infringement, filed October 26, 2012, Unified accuses Vanguard of infringing the '148 patent.  Vanguard denies that it has infringed the '148 patent and denies that the '148 patent is valid and enforceable.  Therefore, an actual and justiciable controversy exists between Unified and Vanguard regarding the alleged

infringement, validity and enforceability of the '148 patent.

## Jurisdiction and Venue

6.      The United States District Court for the Southern District of New York has subject-matter jurisdiction over Vanguard's Counterclaims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and the patent laws of the United States, Title 35, United States Code, for which jurisdiction is based on 28 U.S.C. §§ 1331and 1338(a).  The United States District for the Northern District of Illinois has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

7.      By filing its Complaint for Patent Infringement on May 7, 2012, and its First Amended Complaint for Patent Infringement on October 26, 2012, Unified has consented to the personal jurisdiction of the United States District Court for the Southern District of New York. With regards to pretrial proceedings, Unified is also subject to the United States District Court for the Northern District of Illinois' specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

## First Claim For Relief
### (Non-Infringement of the '148 Patent)

8.      Vanguard incorporates by reference Paragraph Nos. 1 through 7 above, as though fully set forth herein.

9.      Vanguard has not infringed and does not infringe (either directly, contributorily or by inducement) any valid claim of the '148 patent, either literally or under the doctrine of equivalents.

10.     Vanguard is therefore entitled to a declaratory judgment that it does not infringe the '148 patent.

**Second Claim For Relief**
**(Invalidity of the '148 Patent)**

11.     Vanguard incorporates by reference Paragraph Nos. 1 through 10 above, as though fully set forth herein.

12.     The relevant claims of the '148 patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, sections 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

13.     Vanguard is therefore entitled to a declaratory judgment that the relevant claims of the '148 patent are invalid.

**Prayer For Relief**

WHEREFORE, Vanguard asks the Court to enter judgment in its favor and grant the following relief:

A.     Dismiss with prejudice the entirety of the Complaint;

B.     Deny all remedies and relief sought by Unified in the Complaint;

C.     Declare that Vanguard has not infringed, and is not infringing any valid and enforceable claim of the '148 patent, either directly or indirectly, literally or under the doctrine of equivalents, and neither has Vanguard contributed to, nor induced infringement thereof;

D.     Declare the claims of the '148 patent to be invalid, unenforceable and void in law;

E.     Grant such other and further relief as the Court may deem just and proper.

Vanguard hereby demands that all issues so triable be determined by a jury.

Dated: November 16, 2012

Respectfully submitted,

By: */s/ Timothy J. Carroll*
Howard Cabot
**Perkins Coie LLP**
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012
602-351-8000

Timothy J. Carroll
Steven M. Lubezny
**Perkins Coie LLP**
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
312-324-8400

Dennis Cecil Hopkins
Manny Caixeiro
**Perkins Coie LLP**
30 Rockefeller Center, 25th Floor
New York, NY 10112-0085
212.262.6900

*Attorneys for Defendants The Vanguard Group,
Inc. and Vanguard Marketing Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foreign DEFENDANTS THE VANGUARD GROUP, INC.'S and VANGUARD MARKETING CORPORATION'S ANSWER to PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT was electronically filed on November 16, 2012, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record at the given email addresses.

By: _/s/Timothy J. Carroll_
Timothy J. Carroll