| | |
|---|---|
| UNIFIED MESSAGING SOLUTIONS, LLC, ) | |
| ) | MDL No. 2371 |
| Plaintiff, ) | |
| ) | Master Docket No. 12 C 6286 |
| v. ) | |
| ) | Regarding Civil Action No. 1:13 C 00276 |
| BANCO POPULAR NORTH AMERICA, ) | |
| ) | Judge Joan H. Lefkow |
| Defendant. ) | |
| ) | Magistrate Judge Sheila M. Finnegan |
| ) | |

**BANCO POPULAR NORTH AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND**
**COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Banco Popular North America ("BPNA" or "Defendant"), by and through its

counsel, hereby states its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Unified

Messaging Solutions LLC's ("Unified Messaging") Complaint for Patent Infringement (the

"Complaint") in this civil action as follows:

**PRELIMINARY STATEMENT**

Plaintiff Unified Messaging filed a Complaint for Patent Infringement in this matter

against Popular, Inc. Through correspondence with Unified Messaging, and without admitting

any facts or liability, BPNA agreed to the substitution of BPNA for Popular, Inc. in this lawsuit.

On February 13, 2003, Unified Messaging filed an Unopposed Motion to Substitute (Dkt. No.

350), requesting dismissal of Popular, Inc. and substitution of BPNA in its place. On February

19, 2013, the Court granted Plaintiff's Motion to Substitute BPNA for Popular, Inc. (*See* Dkt.

No. 371.) The Court's order dismissed Popular, Inc. without prejudice and allowed BPNA to file

this Answer in place of Popular, Inc. Accordingly, BPNA responds to the Complaint here by

and for itself, and not on behalf of any other party, including Popular, Inc.

Discovery has not begun in this matter, and BPNA has not had an opportunity to

adequately investigate the allegations brought by Unified Messaging and defenses thereto. Thus, while BPNA files this Answer to the best of its knowledge and ability, BPNA reserves the right to supplement or amend this Answer to include additional defenses and/or counterclaims that are discovered during the course of this lawsuit, including but not limited to the defense of inequitable conduct.

## FIRST DEFENSE

1.      Subject to and without waiving any of the affirmative defenses or available remedies set forth in this Answer or otherwise available at law or equity, including but not limited to sanctions available under Rule 11 of the Federal Rules of Civil Procedure, BPNA responds to the separate, numbered paragraphs of Plaintiff's Complaint for Patent Infringement as follows:

## The Parties

1.1.      Unified Messaging is a limited liability company organized and existing under the laws of the State of Texas with principal places of business located in Newport Beach, California and Frisco, Texas.

### ANSWER:

BPNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies those allegations.

1.2.      Popular, Inc. ("Popular") is a Puerto Rico corporation with its principal place of business in Hato Rey, Puerto Rico. Popular does business in the State of Illinois and in the Northern District of Illinois.

### ANSWER:

BPNA admits that it conducts business in the State of Illinois and in the Northern District of Illinois. BPNA is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies those allegations.

## Jurisdiction and Venue

1.3.     Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

**ANSWER:**

BPNA admits that this action alleges infringement under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 284-285.  BPNA denies all other express or implied allegations contained in paragraph 3, including but not limited to any allegation that BPNA has in any way committed any act of patent infringement.

1.4.     The United States District Court for the Northern District of Illinois has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.  It also has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

**ANSWER:**

BPNA admits that the United States District Court for the Northern District of Illinois has subject matter jurisdiction over this action.  BPNA also admits that this Court has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.  BPNA denies all other express or implied allegations contained in paragraph 4, including but not limited to any allegation that BPNA has in any way committed any act of patent infringement.

1.5.     Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1400(b).  On information and belief, Defendant has committed acts of infringement in the Northern District of Illinois, has purposely transacted business in the Northern District of Illinois, and/or has regular and established place of business in the Northern District of Illinois.  Venue is proper in the United States District Court for the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

**ANSWER:**

BPNA admits that venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c). BPNA further admits that venue is proper in the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407. BPNA denies the remaining allegations in paragraph 5.

1.6. Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to due process and/or the [sic] due at least to its substantial business in Illinois and the Northern District of Illinois, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Illinois residents. With regards to pretrial proceedings, Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

**ANSWER:**

BPNA admits that it is subject to this Court's personal jurisdiction. BPNA also admits that, with regard to pretrial proceedings, this Court has personal jurisdiction over BPNA pursuant to 28 U.S.C. § 1407. BPNA denies all other express or implied allegations contained in paragraph 6, including but not limited to any allegation that BPNA has in any way committed any act of patent infringement.

## COUNT I

### (Infringement of U.S. Patent No. 6,857,074)

1.7. Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

**ANSWER:**

BPNA hereby incorporates its responses to paragraphs 1 through 6 above by this reference as if set forth in their entirety here.

1.8. Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '074 patent is attached as Exhibit A.

**ANSWER:**

BPNA admits that United States Patent No. 6,857,074 ("the '074 Patent") is entitled "Systems and Methods for Storing, Delivering, and Managing Messages." BPNA admits that a purported copy of the '074 Patent was attached to the Complaint as Exhibit A. BPNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint and, on that basis, denies the same.

1.9. The '074 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:**

BPNA denies the allegations in paragraph 9 of the Complaint.

1.10. Defendant has directly infringed and continues to directly infringe one or more claims of the '074 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

**ANSWER:**

BPNA denies the allegations in paragraph 10 of the Complaint.

1.11. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count I. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

**ANSWER:**

BPNA denies the allegations in paragraph 11 of the Complaint.

**COUNT II**
**(Infringement of U.S. Patent No. 7,836,141)**

1.12. Unified Messaging incorporates paragraphs 1 through 11 herein by reference.

**ANSWER:**

BPNA hereby incorporates its responses to paragraphs 1 through 11 above by this reference as if set forth in their entirety here.

1.13.    Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '141 patent is attached as Exhibit B.

**ANSWER:**

BPNA admits that United States Patent No. 7,836,141 ("the '141 Patent") is entitled

"Systems and Methods for Storing, Delivering, and Managing Messages."  BPNA admits that a

purported copy of the '141 Patent was attached to the Complaint as Exhibit B.  BPNA is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

set forth in paragraph 13 of the Complaint and, on that basis, denies the same.

1.14.    The '141 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:**

BPNA denies the allegations in paragraph 14 of the Complaint.

1.15.    Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '141 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 21, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

**ANSWER:**

BPNA denies the allegations in paragraph 15 of the Complaint.

1.16.    Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count II.  Defendant is, thus, liable to Unified Messaging in an amount

that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Untied States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

**ANSWER:**

BPNA denies the allegations in paragraph 16 of the Complaint.

### Count III
**(Infringement of U.S. Patent No. 7,895,306)**

1.17.    Unified Messaging incorporates paragraphs 1 through 16 herein by reference.

**ANSWER:**

BPNA hereby incorporates its responses to paragraphs 1 through 16 above by this reference as if set forth in their entirety here.

1.18.    Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '306 patent is attached as Exhibit C.

**ANSWER:**

BPNA admits that United States Patent No. 7,895,306 ("the '306 Patent") is entitled "Systems and Methods for Storing, Delivering, and Managing Messages."  BPNA admits that a purported copy of the '306 Patent was attached to the Complaint as Exhibit C.  BPNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint and, on that basis, denies the same.

1.19.    The '306 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:**

BPNA denies the allegations in paragraph 19 of the Complaint.

1.20.    Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '306 patent in the Northern District of Illinois and

elsewhere in Illinois and the United States, including at least claim 5, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

**ANSWER:**

BPNA denies the allegations in paragraph 20 of the Complaint.

1.21.    Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count III.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

**ANSWER:**

BPNA denies the allegations in paragraph 21 of the Complaint.


**Count IV**
**(Infringement of U.S. Patent No. 7,895,313)**

1.22.    Unified Messaging incorporates paragraphs 1 through 21 herein by reference.

**ANSWER:**

BPNA hereby incorporates its responses to paragraphs 1 through 21 above by this

reference as if set forth in their entirety here.

1.23.    Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement.  A true and correct copy of the '313 patent is attached as Exhibit D.

**ANSWER:**

BPNA admits that United States Patent No. 7,895,313 ("the '313 Patent") is entitled

"Systems and Methods for Storing, Delivering, and Managing Messages."  BPNA admits that a

purported copy of the '313 Patent was attached to the Complaint as Exhibit D.  BPNA is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint and, on that basis, denies the same.

1.24.    The '313 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:**

BPNA denies the allegations in paragraph 24 of the Complaint.

1.25.    Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '313 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 10, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

**ANSWER:**

BPNA denies the allegations in paragraph 25 of the Complaint.

1.26.    Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count IV.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

**ANSWER:**

BPNA denies the allegations in paragraph 26 of the Complaint.

**Count V**
**(Infringement of U.S. Patent No. 7,934,148)**

1.27.    Unified Messaging incorporates paragraphs 1 through 26 herein by reference.

**ANSWER:**

BPNA hereby incorporates its responses to paragraphs 1 through 26 above by this reference as if set forth in their entirety here.

1.28.    Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial

rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit E.

**ANSWER:**

BPNA admits that United States Patent No. 7,934,148 ("the '148 Patent") is entitled "Systems and Methods for Storing, Delivering, and Managing Messages." BPNA admits that a purported copy of the '148 Patent was attached to the Complaint as Exhibit E. BPNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint and, on that basis, denies the same.

1.29. The '148 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:**

BPNA denies the allegations in paragraph 29 of the Complaint.

1.30. Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '148 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

**ANSWER:**

BPNA denies the allegations in paragraph 30 of the Complaint.

1.31. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count V. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

**ANSWER:**

BPNA denies the allegations in paragraph 31 of the Complaint.

**ILLUSTRATIVE INFRINGEMENTS**

1.32.  Unified Messaging incorporates paragraphs 1 through 31 herein by reference.

**ANSWER:**

BPNA hereby incorporates its responses to paragraphs 1 through 31 above by this

reference as if set forth in their entirety here.


1.33.  Defendant has committed direct infringement as alleged in Counts I through V, at least through operation of its "Online Banking" feature accessible at least through its website, www.popularcommunitybank.com.  Specifically, these features infringe at least claims 1, 2, 4, and 26 of the '074 patent.  These features also infringe at least claims 21, 24, and 29 of the '141 patent.  These features also infringe at least claims 1, 7, 39, 90, 91, 140, and 147 of the '148 patent.  These features also infringe at least claims 5, 25, 37, and 40 of the '306 patent.  These features also infringe at least claims 10 and 11 of the '313 patent.

**ANSWER:**

BPNA denies the allegations in paragraph 33 of the Complaint.

1.34.  In the alternative, Defendant has committed indirect infringement as alleged in Counts II through V through its inducing and/or contributing to the infringements of its users via the "Online Banking" feature.  Defendant has possessed knowledge of the '141 patent, the '306 patent, the '313 patent and the '148 since at least the service of this complaint.  Since at least the service of this complaint, Defendant has known or should have known that its actions would induce or contribute to actual infringement by its users. Since at least the service of this complaint, Defendant has specifically intended for its users to use the "Online Banking" feature in a manner that infringes at least claims 21, 24, and 29 of the '141 patent, claims 1, 7, 39, 90, 91, 140, and 147 of the '148 patent, claims 5, 25, 37, and 40 of the '306 patent, and claims 10 and 11 of the '313 patent by instructing and/or encouraging the users to use the "Online Banking" features.

**ANSWER:**

BPNA denies the allegations in paragraph 34 of the Complaint.

1.35.  On information and belief, Defendant has possessed knowledge of the '074, '141, '306, '313, and '148 patents since at least the service of this complaint and, on information and belief, Defendant has continued to infringe the '074, '141, '306, '313, and '148 patents despite an objectively high likelihood that its actions constitute infringement of the '074, '141, '306, '313, and '148 patents and a subject knowledge or obviousness of such risk.

**ANSWER:**

BPNA denies the allegations in paragraph 35 of the Complaint.

1.36.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**ANSWER:**

BPNA denies the allegations in paragraph 36 of the Complaint.

## GENERAL DENIAL

Unless specifically admitted above, BPNA denies each and every allegation of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

With regard to the Demand of Jury Trial in the Complaint, no admission or denial is required.

## PRAYER FOR RELIEF

Plaintiff's requests for relief require no response.  For that reason, BPNA denies that Plaintiff is entitled to any relief, and asserts that Plaintiff's claims for relief should be denied in their entirety.

## SECOND DEFENSE

2.    Plaintiff's claims are barred in whole or in part for lack of standing.

## THIRD DEFENSE

3.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

4.     BPNA has not infringed and does not infringe, nor has it contributed to any infringement by others, nor has it induced others to infringe any claim of U.S. Patent No. 6,857,074 ("the '074 Patent"), U.S. Patent No. 7,836,141 ("the '141 Patent"), U.S. Patent No. 7,895,306 ("the '306 Patent"), U.S. Patent No. 7,895,313 ("the '313 Patent"), and/or U.S. Patent No. 7,934,148 ("the '148 Patent").

## FIFTH DEFENSE

5.     The claims of the '074 Patent, the '141 Patent, the '306 Patent, the '313 Patent, and the '148 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SIXTH DEFENSE

6.     Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

## SEVENTH DEFENSE

7.     To the extent Plaintiff or its predecessors in interest of the '074 Patent, the '141 Patent, the '306 Patent, the '313 Patent, and/or the '148 Patent failed to properly notify BPNA of the actions alleged to infringe the '074 Patent, the '141 Patent, the '306 Patent, the '313 Patent, and/or the '148 Patent, including but not limited to, by reason of 35 U.S.C. § 287 or infringement allegations based on indirect infringement, BPNA is not liable to Plaintiff for those allegedly infringing actions performed prior to receipt of actual notice of allegations that they were infringing the '074 Patent, the '141 Patent, the '306 Patent, the '313 Patent, and/or the '148 Patent.

## EIGHTH DEFENSE

8.     As a result of the proceedings before the United States Patent and Trademark

Office during the prosecutions of the '074, '141, '306, '313, and '148 Patents, specifically the admissions, amendments, arguments, representations, and amendments made on behalf of the applicants for the patent(s), Unified Messaging is estopped by the doctrine of prosecution history estoppel from asserting infringement against BPNA of the '074, '141, '306, '313, and '148 Patents.

## NINTH DEFENSE

9.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## TENTH DEFENSE

10.      Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

## ELEVENTH DEFENSE

11.      Pursuant to 35 U.S.C. § 286, Plaintiff's claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit.

## TWELFTH DEFENSE

12.      Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## THIRTEENTH DEFENSE

13.      Plaintiff's requested relief is barred or otherwise limited based on exhaustion, the second-sale doctrine, express or implied license, and restrictions on double recovery.

## FOURTEENTH DEFENSE

14.      Plaintiff's requested relief is barred or otherwise limited by the terms of the '074, '141, '306, '313, and '148 Patents, which is further limited by any terminal disclaimer entered as a result of the proceedings before the United States Patent and Trademark Office during the

prosecutions of the patents.

## COUNTERCLAIMS

BPNA's investigation is ongoing and, accordingly, it has not been determined if venue is convenient in the Northern District of Illinois. Accordingly, the Counterclaims asserted below in no way constitute a waiver of that or any other defense asserted by BPNA. Thus, subject to, and without waiving any of the foregoing defenses, BPNA asserts the following Counterclaims against Plaintiff/Counterclaim-Defendant Unified Messaging Solutions LLC ("Unified Messaging"):

### Jurisdiction and Venue

15.     This Court has subject-matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 1331 and 1338(a) (2011). This Court has personal jurisdiction over Unified Messaging because it has voluntarily appeared before this Court for all purposes.

16.     Venue is proper as to Unified Messaging under 28 U.S.C. §§ 1391(b) and 1400(b) (2011).

### The Parties

17.     Counterclaim-Plaintiff Banco Popular North America ("BPNA") is a banking subsidiary of Popular, Inc. with a principal place of business in New York, New York.

18.     On information and belief, Counterclaim-Defendant Unified Messaging Solutions LLC ("Unified Messaging") is a Limited Liability Company organized under the laws of Texas with its principal places of business in Newport Beach, California and Frisco, Texas.

19.     Counterclaim-Defendant Unified Messaging has filed suit in this matter asserting infringement by BPNA of U.S. Patent No. 6,857,074 ("the '074 Patent"), U.S. Patent No. 7,836,141 ("the '141 Patent"), U.S. Patent No. 7,895,306 ("the '306 Patent"), U.S. Patent No.

7,895,313 ("the '313 Patent"), and U.S. Patent No. 7,934,148 ("the '148 Patent"). The allegations in the Complaint have created an actual and justiciable controversy between Unified Messaging and Counterclaim-Plaintiff BPNA concerning the alleged infringement and invalidity of the '074, '141, '306, '313, and '148 Patents.

20. Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 (2011), BPNA is entitled to a declaratory judgment that it has not infringed any valid and enforceable claim of the '074, '141, '306, '313, and '148 Patents, and that the referenced Patents are invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### First Counterclaim – Declaratory Judgment of Non-Infringement of the '074 Patent

21. BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-20 with the same force and effect as though fully rewritten herein.

22. BPNA has not infringed and is not infringing any claim of the '074 Patent. BPNA has not contributorily infringed and is not contributorily infringing, has not actively induced infringement and is not actively inducing others to infringe, and has not and is not jointly infringing any claim of the '074 Patent.

23. BPNA is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, jointly, or by inducement) any claim of the '074 Patent, either literally or by the application of the doctrine of equivalents.

### Second Counterclaim – Declaratory Judgment of Invalidity of the '074 Patent

24. BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-23 with the same force and effect as though fully rewritten herein.

25. The '074 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C.

§§ 101, 102, 103 and/or 112.

26.     BPNA is entitled to a declaratory judgment that the '074 Patent is invalid.

**Third Counterclaim – Declaratory Judgment of Non-Infringement of the '141 Patent**

27.     BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-26 with the same force and effect as though fully rewritten herein.

28.     BPNA has not infringed and is not infringing any claim of the '141 Patent. BPNA has not contributorily infringed and is not contributorily infringing, has not actively induced infringement and is not actively inducing others to infringe, and has not and is not jointly infringing any claim of the '141 Patent.

29.     BPNA is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, jointly, or by inducement) any claim of the '141 Patent, either literally or by the application of the doctrine of equivalents.

**Fourth Counterclaim – Declaratory Judgment of Invalidity of the '141 Patent**

30.     BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-29 with the same force and effect as though fully rewritten herein.

31.     The '141 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

32.     BPNA is entitled to a declaratory judgment that the '141 Patent is invalid.

**Fifth Counterclaim – Declaratory Judgment of Non-Infringement of the '306 Patent**

33.     BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-32 with the same force and effect as though fully rewritten herein.

34.     BPNA has not infringed and is not infringing any claim of the '306 Patent. BPNA has not contributorily infringed and is not contributorily infringing, has not actively

induced infringement and is not actively inducing others to infringe, and has not and is not jointly infringing any claim of the '306 Patent.

35.    BPNA is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, jointly, or by inducement) any claim of the '306 Patent, either literally or by the application of the doctrine of equivalents.

### Sixth Counterclaim – Declaratory Judgment of Invalidity of the '306 Patent

36.    BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-35 with the same force and effect as though fully rewritten herein.

37.    The '306 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

38.    BPNA is entitled to a declaratory judgment that the '306 Patent is invalid.

### Seventh Counterclaim – Declaratory Judgment of Non-Infringement of the '313 Patent

39.    BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-38 with the same force and effect as though fully rewritten herein.

40.    BPNA has not infringed and is not infringing any claim of the '313 Patent. BPNA has not contributorily infringed and is not contributorily infringing, has not actively induced infringement and is not actively inducing others to infringe, and has not and is not jointly infringing any claim of the '313 Patent.

41.    BPNA is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, jointly, or by inducement) any claim of the '313 Patent, either literally or by the application of the doctrine of equivalents.

### Eighth Counterclaim – Declaratory Judgment of Invalidity of the '313 Patent

42.    BPNA incorporates by reference the statements and allegations set forth in

paragraphs 15-41 with the same force and effect as though fully rewritten herein.

43.     The '313 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

44.     BPNA is entitled to a declaratory judgment that the '313 Patent is invalid.

**Ninth Counterclaim – Declaratory Judgment of Non-Infringement of the '148 Patent**

45.     BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-44 with the same force and effect as though fully rewritten herein.

46.     BPNA has not infringed and is not infringing any claim of the '148 Patent. BPNA has not contributorily infringed and is not contributorily infringing, has not actively induced infringement and is not actively inducing others to infringe, and has not and is not jointly infringing any claim of the '148 Patent.

47.     BPNA is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, jointly, or by inducement) any claim of the '148 Patent, either literally or by the application of the doctrine of equivalents.

**Tenth Counterclaim – Declaratory Judgment of Invalidity of the '148 Patent**

48.     BPNA incorporates by reference the statements and allegations set forth in paragraphs 15-47 with the same force and effect as though fully rewritten herein.

49.     The '148 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

50.     BPNA is entitled to a declaratory judgment that the '148 Patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, BPNA respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.     Dismiss with prejudice the Complaint against BPNA;

b.     Declare that BPNA does not infringe any claim of the '074 Patent;

c.     Declare that the '074 Patent is invalid;

d.     Declare that BPNA does not infringe any claim of the '141 Patent;

e.     Declare that the '141 Patent is invalid;

f.     Declare that BPNA does not infringe any claim of the '306 Patent;

g.     Declare that the '306 Patent is invalid;

h.     Declare that BPNA does not infringe any claim of the '313 Patent;

i.     Declare that the '313 Patent is invalid;

j.     Declare that BPNA does not infringe any claim of the '148 Patent;

k.     Declare that the '148 Patent is invalid;

l.     Award to BPNA its costs and disbursements associated with this action;

m.     Find this case to be exceptional pursuant to 35 U.S.C. § 285 and award BPNA its reasonable attorneys' fees; and

n.     Award any additional relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY**

Banco Popular North America requests that all issues triable by a jury be so tried in this case.

Dated April 15, 2013

Respectfully submitted,

/s/ Terry A. Saad
John G. Flaim (Lead Counsel)
(Admitted *Pro Hac Vice*)
Email: john.flaim@bakermckenzie.com
Jay F. Utley
(Admitted *Pro Hac Vice*)
E-Mail: jay.utley@bakermckenzie.com
Terry A. Saad
(Admitted *Pro Hac Vice*)
Email: terry.saad@bakermckenzie.com
Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-3099

Daniel A. Tallitsch
Email: Daniel.Tallitsch@bakermckenzie.com
BAKER & MCKENZIE LLP
300 East Randolph Street
Chicago, IL 60601
T + 312 861 8024
F + 312 698 2420

ATTORNEYS FOR DEFENDANT/
COUNTERCLAIM-PLAINTIFF
BANCO POPULAR NORTH AMERICA

## CERTIFICATE OF SERVICE

This document is being transmitted by e-mail to the person(s) at the e-mail address(es) set forth below and all counsel deemed to have consented to electronic service via the ECF system of this District on the date indicated below.

Timothy Grochocinski        teg@innovalaw.com
Aaron Ward Purser           apurser@innovalaw.com
Edward R. Nelson           enelson@nbclaw.net

I declare under penalty of perjury under the laws of the State of Illinois that the above is true and correct.

Executed on April 15, 2013, at Chicago, Illinois      /s/ Terry A. Saad
                                                      Terry A. Saad