**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNIFIED MESSAGING SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED ONLINE, INC.; JUNO ONLINE SERVICES, INC.; NETZERO, INC.; AND MEMORY LANE, INC. <br><br> Defendants. | Civil Action No. 1:12-cv-06286 <br><br> Hon. Joan H. Lefkow |

## DEFENDANTS JUNO ONLINE SERVICES, INC., NETZERO, INC., AND MEMORY LANE, INC.'S OPPOSITION TO MOTION TO CONTINUE THE JUNE 7 SCHEDULING CONFERENCE

## I.       INTRODUCTION

Defendants Juno Online Services, Inc., NetZero, Inc., and Memory Lane, Inc. (collectively, "UOL Defendants") hereby oppose the last-minute motion by several "Track 2" defendants and Plaintiff to continue the scheduling conference set for this Friday, June 7, 2013, until July 8, 2013 ("Motion," Dkt. No. 538[1]).  This is the <u>second time</u> such a continuance has been sought on the eve of a scheduling conference without the approval of the UOL Defendants, and it would result in an <u>eleven week postponement</u> of a conference that this Court originally calendared for April 19, 2013.  The UOL Defendants will be prejudiced by this delay, and strenuously oppose going down this road a second time.  A line needs to be drawn so that the Track 2 case can move forward, and any newly added defendants pushed on to Track 3. Otherwise, new "Track 2" defendants will continue to be added, and motions to postpone the scheduling conference will continue to be filed indefinitely.

## II.      THE CONTINUANCE SHOULD BE DENIED

### A.       The UOL Defendants Were Never Consulted

Although the filers of the Motion state that they endeavored to contact all Track 2 defendants, no one – including Plaintiff – ever consulted with the UOL Defendants, which is inexplicable given the UOL Defendants' visibility in this case via the motions they have filed. This continues a pattern of uncoordinated, behind-closed-doors decision-making that has undermined the Court's authority and prejudiced the excluded parties.  *See, e.g.,* Transcript of February 8, 2013 Hearing filed in Case No. 12-0343 ("'343 Case"), included in Dkt. No. 15, ("2/8/13 Hearing") at 27:5-10. ("what Mr. Nelson represented to the Court that these new defendants have been participating so far in the claim construction process is simply not true. They have -- we haven't had any communications with these new [defendants].")  The Court should promptly set a schedule so that litigation may proceed in an orderly and transparent fashion, with <u>all</u> defendants given a fair opportunity to be heard.

---

[1] "Dkt. No." references herein refer to the docket for Case No. 12-06286 unless otherwise indicated.

### B.     The UOL Defendants Are Prejudiced

The UOL Defendants were sued on January 16, 2013, along with numerous other "Track 2" defendants.  At the February 8, 2013 status conference, the Court asked Plaintiff's counsel "Is there any end in sight in the new filings?"  2/8/13 Hearing at 17:8-9.  Plaintiff's counsel responded ambiguously that "the second wave is not the end…We envision probably, I would guess, three to four more waves of cases."  *Id.* at 17:12-15.  In other words, Plaintiff will continue to drag out "Track 2" filings for as long as it likes.

It is now June 5, 2013 and there has been no discovery, no infringement contentions, no invalidity contentions and no claim construction for the Track 2 defendants.  When the UOL Defendants served discovery requests pursuant to Rule 26 on April 3, 2013, its efforts were rebuked and the discovery was ordered stayed until further notice.  Dkt. No. 489.

The Court initially set the Track 2 scheduling conference for April 19, 2013.  2/8/13 Hearing at 31:5-8.  Los Angeles counsel for the UOL Defendants made travel plans to attend that conference, but on April 10, 2013, Plaintiff filed a motion to continue, citing ten new "tag along cases" that had been filed in district courts outside the Northern District of Illinois.  Dkt. No. 466.  The UOL Defendants filed an opposition brief, arguing among other things that delay was unjustified, and that the conditional transfer order procedure for transferring the new tag-along cases to the Northern District of Illinois could take months.  Dkt. No. 473.  The continuance was nonetheless granted over the UOL Defendants' objections.  Dkt. No. 474.

The UOL Defendants had also filed a Motion to Transfer ('343 Case, Dkt. No. 21) and a Motion to Dismiss ('343 Case, Dkt. No. 25) in early March 2013.  A hearing to set a briefing schedule on those motions has been continued and is now set to be heard alongside the scheduling conference on June 7.  343 Case, Dkt. No. 35.  Once again, the UOL Defendants' Los Angeles counsel has made travel arrangements, and would be forced to make a second trip if the scheduling conference were postponed again until July.  Indeed, in order to appear on time for the scheduled hearing on Friday, the UOL Defendants' counsel's flight by necessity is taking off within hours of filing this brief, and could not now be cancelled.  The UOL Defendants' counsel

4850-0554-7284.1

should not have to travel twice when the motion hearings and the Scheduling Conference can be handled – as scheduled – at the same time.

### C. A Line Needs To Be Drawn So That Adjudication On The Merits Can Occur

The present Motion to Continue states that the moving parties would like more time to discuss a schedule in light of the fact that several Track 2 defendants were only recently added. Motion at 2. By that logic, this scheduling conference will never happen. Plaintiff will continue to trickle in new lawsuits, and there will always be new defendants who will not be up to speed. This is, of course, all very convenient for Plaintiff, who will continue to extract nuisance value settlements from the defendants while indefinitely postponing any adjudication on the merits. Plaintiff's entire strategy is delay, and they are succeeding.

When the First Wave Defendants were consolidated in the Northern District of Illinois, this Court issued an order giving them <u>one month</u> to prepare for an initial scheduling conference. *See* Dkt. No. 13, September 10, 2012 Minute Order setting scheduling conference for October 12, 2012. That scheduling conference happened on schedule on October 12, 2012, and a First Wave Scheduling Order issued a few days later on October 19, 2012. Dkt. No. 162. Why is it that the UOL Defendants have had to wait <u>half a year</u> to have their scheduling conference, only to have it delayed yet another month?

The UOL Defendants respectfully request that the scheduling conference set for this Friday, June 7, go forward as planned. Any outstanding scheduling issues can be hashed out by the parties at the hearing, and the Court will be able to make executive decisions to help move this case forward. Any defendants who have only just been sued can ask permission to join a new Track 3 group who can conduct their own scheduling conference down the road without dragging out adjudication on the merits for the UOL Defendants and the rest of the Track 2 group.

### III. CONCLUSION

For the foregoing reasons, the UOL Defendants respectfully request that the Motion to Continue the Scheduling Conference be denied.

3

Dated:  June 5, 2013                             Respectfully submitted,

                                    */s/  William J. Robinson*

William J. Robinson (pro hac vice)
Jean-Paul Ciardullo (pro hac vice)
Justin Sobaje (pro hac vice)
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
wrobinson@foley.com
jciardullo@foley.com
jsobaje@foley.com

Jason J. Keener (Ill. Bar No. 6280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700
Email:  jkeener@foley.com

*Attorneys for Defendants Juno Online Services, Inc., NetZero, Inc., and Memory Lane, Inc.*

4

## CERTIFICATE OF SERVICE

I, William J. Robinson, an attorney, hereby certify that on **June 5, 2013**, I caused the foregoing OPPOSITION TO MOTION TO CONTINUE THE JUNE 7 SCHEDULING CONFERENCE to be filed with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.via the Court's ECF system, resulting on service to all counsel of record.

*/s/ William J. Robinson*
William J. Robinson