**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: UNIFIED MESSAGING SOLUTIONS, LLC, PATENT LITIGATION | **MDL No. 2371**<br><br>**Master Docket No. 1:12-cv-6286**<br><br>**Regarding Cause No. 1:13-cv-03002**<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Sheila M. Finnegan<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF UNIFIED MESSAGING SOLUTIONS, LLC'S ANSWER TO**
**DEFENDANT BANCORPSOUTH, INC.'S COUNTERCLAIMS**

Plaintiff Unified Messaging Solutions, LLC ("Plaintiff" or "UMS"), by and through its attorneys, hereby demands a jury trial and replies to the Counterclaims Defendant BancorpSouth, Inc. ("Defendant" or "BancorpSouth") filed in response to UMS' Original Complaint ("BancorpSouth's Counterclaims" or "Counterclaims").[1]

UMS hereby responds to each of the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In replying to the Counterclaims, UMS refers to the patents-in-suit in the following manner: U.S. Patent No. 6,875,074 ("the '074 Patent"); U.S. Patent No. 7,836,141 ("the '141 Patent"); U.S. Patent No. 7,895,306 ("the '306 Patent"); U.S. Patent No. 7,895,313 ("the '313 Patent"); and U.S. Patent No. 7,934,148 ("the '148 Patent") (collectively, "Patents-in-Suit").

---

[1]Pages 1 through 17 of BancorpSouth's Answer and Counterclaims to Plaintiff UMS' Original Complaint for Patent Infringement, including all numbered and unnumbered paragraphs and affirmative defenses therein, pertain only to BancorpSouth's Answer to UMS' Original Complaint, and therefore no reply to those paragraphs is permitted or necessary. To the extent that any response is required with respect to the above mentioned paragraphs, UMS incorporates the allegations of its Original Complaint, Paragraphs 1 through 48, including the Prayer for Relief, and denies the above-identified portions of BancorpSouth's Answer. UMS denies that BancorpSouth is entitled to any of the relief sought.

## COUNTERCLAIMS

### The Parties

1.      Counterclaimant BancorpSouth, Inc. is a Mississippi corporation with a principal place of business in Tupelo, Mississippi.

**PLAINTIFF'S RESPONSE**: Upon information and belief, admitted.

2.      Upon On information and belief, Unified Messaging Solutions LLC is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

**PLAINTIFF'S RESPONSE**: Admitted.

3.      Unified Messaging filed a Complaint for Patent Infringement ("the Complaint") on January 22, 2013, alleging that BancorpSouth has infringed one or more claims of U.S. Patent Nos. 6,857,074; 7,836,141; 7,895,306; 7,895,313; and/or 7,934,148 (collectively, "the Patents- In-Suit").

**PLAINTIFF'S RESPONSE**: Admitted.

4.      In the Complaint, Unified Messaging alleges that it is the exclusive licensee of the Patents-In-Suit, with ownership of all substantial rights in the Patents-In-Suit, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

**PLAINTIFF'S RESPONSE**: Admitted.

### Jurisdiction and Venue

5.      This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**PLAINTIFF'S RESPONSE**: Admitted.

6.    By filing its Complaint, Unified Messaging has consented to the personal jurisdiction of the Court and purports to assert claims against BancorpSouth for infringement of the Patents-In-Suit.

**PLAINTIFF'S RESPONSE**: Admitted that Unified Messaging has consented to the personal jurisdiction of the Court and purports to assert claims against BancorpSouth for infringement of the Patents-In-Suit.

7.    To the extent the underlying action brought by Unified Messaging against BancorpSouth proceeds in this District or the Northern District of Mississippi, then venue as to these counterclaims is proper under 28 U.S.C. §§ 1391 and 1400(b).

**PLAINTIFF'S RESPONSE**: Admitted.

8.    BancorpSouth denies Unified Messaging's claims of infringement of the Patents-In-Suit.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations. To the extent this paragraph does contain allegations, UMS denies all such allegations.

9.    An actual controversy has arisen and now exists between BancorpSouth and Unified Messaging as to the non-infringement, invalidity and/or unenforceability of the Patents-In-Suit.

**PLAINTIFF'S RESPONSE**: Admitted.

## First Counterclaim
### (Declaratory Judgment of Non-Infringement of the '074 Patent)

10.    BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

11.     Unified Messaging alleges that it is the exclusive licensee of the '074 patent.  In its Complaint, Unified Messaging alleges that BancorpSouth has infringed, contributed to the infringement, and induced others to infringe the '074 patent, and that BancorpSouth continues to do so.

**PLAINTIFF'S RESPONSE**: Admitted.

12.     BancorpSouth denies Unified Messaging's claims of infringement (either directly, contributorily or by inducement) either literally or under the doctrine of equivalents and believes that the Complaint has been filed without good cause.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations.  To the extent this paragraph does contain allegations, UMS denies all such allegations.

13.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the non-infringement of the claims of the '074 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

14.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '074 patent.

**PLAINTIFF'S RESPONSE**: Admitted BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

<u>**Second Counterclaim**</u>
**(Declaratory Judgment of Invalidity of the '074 patent)**

15.     BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

16.     Unified Messaging alleges that the claims of the '074 patent are valid.

**PLAINTIFF'S RESPONSE**: Admitted.

17.     BancorpSouth denies that claims of the '074 patent are valid and asserts the claims of the '074 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations.  To the extent this paragraph does contain allegations, UMS denies all such allegations.  Specifically, UMS denies that '074 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

18.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the non-infringement of the claims of the '074 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

19.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that the claims of the '074 patent are invalid.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

### Third Counterclaim
### (Declaratory Judgment of Non-Infringement of the '141 patent)

20.     BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

21.     Unified Messaging alleges that it is the exclusive licensee of the '141 patent. In its Complaint, United Messaging alleges that BancorpSouth has infringed, contributed to the infringement, and induced others to infringe the '141 patent, and that BancorpSouth continues to do so.

**PLAINTIFF'S RESPONSE**: Admitted.

22.     BancorpSouth denies Unified Messaging's claims of infringement (either directly, contributorily or by inducement) either literally or under the doctrine of equivalents and believes that the Complaint has been filed without good cause.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations.  To the extent this paragraph does contain allegations, UMS denies all such allegations.  Specifically, UMS denies that the Complaint was filed without due cause.

23.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the non-infringement of the claims of the '141 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

24.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '141 patent.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

<u>**Fourth Counterclaim**</u>
**(Declaratory Judgment of Invalidity of the '141 patent)**

25.     BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

6

26.     Unified Messaging alleges that the claims of the '141 patent are valid.

**PLAINTIFF'S RESPONSE**: Admitted.

27.     BancorpSouth denies that claims of the '141 patent are valid and asserts the claims of the '141 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations.  To the extent this paragraph does contain allegations, UMS denies all such allegations.  Specifically, UMS denies that the claims of the '141 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

28.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the non-infringement of the claims of the '141 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

29.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that the claims of the '141 patent are invalid.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

## Fifth Counterclaim
### (Declaratory Judgment of Non-Infringement of the '306 patent)

30.     BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

31.     Unified Messaging alleges that it is the exclusive licensee of the '306 patent. In its Complaint, United Messaging alleges that BancorpSouth has infringed, contributed to the infringement, and induced others to infringe the '306 patent, and that BancorpSouth continues to do so.

**PLAINTIFF'S RESPONSE**: Admitted.

32.     BancorpSouth denies Unified Messaging's claims of infringement (either directly, contributorily or by inducement) either literally or under the doctrine of equivalents and believes that the Complaint has been filed without good cause.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations.  To the extent this paragraph does contain allegations, UMS denies all such allegations.  Specifically, UMS denies that the Complaint was filed without due cause.

33.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the non-infringement of the claims of the '306 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

34.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '306 patent.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

<u>**Sixth Counterclaim**</u>
**(Declaratory Judgment of Invalidity of the '306 patent)**

35.     BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

36.     Unified Messaging alleges that the claims of the '306 patent are valid.

**PLAINTIFF'S RESPONSE**: Admitted.

37.     BancorpSouth denies that claims of the '306 patent are valid and asserts the claims of the '306 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations. To the extent this paragraph does contain allegations, UMS denies all such allegations. Specifically, UMS denies that the claims of the '306 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

38.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the validity of the '306 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

39.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that the claims of the '306 patent are invalid.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

### Seventh Counterclaim
### (Declaratory Judgment of Non-Infringement of the '313 patent)

40.     BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

41. Unified Messaging alleges that it is the exclusive licensee of the '313 patent. In its Complaint, United Messaging alleges that BancorpSouth has infringed, contributed to the infringement, and induced others to infringe the '313 patent, and that BancorpSouth continues to do so.

**PLAINTIFF'S RESPONSE**: Admitted.

42. BancorpSouth denies Unified Messaging's claims of infringement (either directly, contributorily or by inducement) either literally or under the doctrine of equivalents and believes that the Complaint has been filed without good cause.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations. To the extent this paragraph does contain allegations, UMS denies all such allegations. Specifically, UMS denies that the Complaint was filed without due cause.

43. An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the non-infringement of the claims of the '313 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

44. Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '313 patent.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

### Eighth Counterclaim
### (Declaratory Judgment of Invalidity of the '313 patent)

45. BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

10

46.     Unified Messaging alleges that the claims of the '313 patent are valid.

**PLAINTIFF'S RESPONSE**: Admitted.

47.     BancorpSouth denies that claims of the '313 patent are valid and asserts the claims of the '313 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations. To the extent this paragraph does contain allegations, UMS denies all such allegations. Specifically, UMS denies that the claims of the '313 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

48.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the validity of the '313 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

49.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that the claims of the '141 patent are invalid.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

### Ninth Counterclaim
### (Declaratory Judgment of Non-Infringement of the '148 patent)

50.     BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

51.     Unified Messaging alleges that it is the exclusive licensee of the '148 patent. In its Complaint, United Messaging alleges that BancorpSouth has infringed, contributed to the infringement, and induced others to infringe the '148 patent, and that BancorpSouth continues to do so.

**PLAINTIFF'S RESPONSE**: Admitted.

52.     BancorpSouth denies Unified Messaging's claims of infringement (either directly, contributorily or by inducement) either literally or under the doctrine of equivalents and believes that the Complaint has been filed without good cause.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations.  To the extent this paragraph does contain allegations, UMS denies all such allegations.  Specifically, UMS denies that the Complaint was filed without due cause.

53.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the non-infringement of the claims of the '148 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

54.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '148 patent.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

### Tenth Counterclaim
### (Declaratory Judgment of Invalidity of the '148 patent)

55.     BancorpSouth realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above as though fully set forth herein.

**PLAINTIFF'S RESPONSE**: UMS incorporates herein by reference its responses to the foregoing paragraphs.

56.     Unified Messaging alleges that the claims of the '148 patent are valid.

**PLAINTIFF'S RESPONSE**: Admitted.

57.     BancorpSouth denies that claims of the '148 patent are valid and asserts the claims of the '148 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

**PLAINTIFF'S RESPONSE**: This paragraph does not contain any allegations. To the extent this paragraph does contain allegations, UMS denies all such allegations. Specifically, UMS denies that the claims of the '148 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq*., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103 and 112.

58.     An immediate, real, and justiciable controversy exists between Unified Messaging and BancorpSouth as to the validity of the '148 patent.

**PLAINTIFF'S RESPONSE**: Admitted.

59.     Accordingly, BancorpSouth hereby seeks entry of a declaratory judgment that the claims of the '148 patent are invalid.

**PLAINTIFF'S RESPONSE**: Admitted that BancorpSouth seeks such a judgment; denied that such a judgment is meritorious.

## PRAYER

WHEREFORE, in response to BancorpSouth's requests for relief UMS denies that BancorpSouth is entitled to any of the relief requested whatsoever and further requests that the Court:

A.  Enter judgment in favor of UMS on BancorpSouth's Counterclaims and find that the Patents-in-Suit are valid and enforceable against BancorpSouth;

B.  Dismiss BancorpSouth's Counterclaims in their entirety and with prejudice;

C.  Declare that BancorpSouth infringes the Patents-in-Suit;

D.  Award damages adequate to compensate UMS for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

E.  Permanently enjoin BancorpSouth, its affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Patents-in-Suit; and

F.  Award such other relief as this Court deems just and proper.


Dated: June 24, 2013                          /s/ Timothy E. Grochocinski

                                              Aaron W. Purser
                                              Timothy E. Grochocinski
                                              **INNOVALAW, P.C.**
                                              1900 Ravinia Place
                                              Orland Park, IL 60462
                                              P. 708-675-1974
                                              teg@innovalaw.com
                                              apurser@innovalaw.com

                                              Andrew G. DiNovo
                                              Texas State Bar No. 0079059
                                              Jay D. Ellwanger
                                              Texas State Bar No. 24036522
                                              Stefanie T. Scott
                                              Texas State Bar No. 24061617
                                              **DINOVO PRICE ELLWANGER &**
                                              **HARDY LLP**
                                              7000 North MoPac Expressway
                                              Suite 350
                                              Austin, TX 78731
                                              512-539-2626

adinovo@dpelaw.com
jellwanger@dpelaw.com
sscott@dpelaw.com

**ATTORNEYS FOR PLAINTIFF
UNIFIED MESSAGING SOLUTIONS
LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day June, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  As such, this document was served on all counsel who are deemed to have consented to electronic service on this the 24th day of June, 2013.

/s/ Timothy E. Grochocinski

Timothy E. Grochocinski