**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| IN RE: UNIFIED MESSAGING SOLUTIONS, LLC PATENT LITIGATION | § § § § § § § § | MDL No. 2371 (ALL CASES)<br><br>Master Docket No. 12 C 6286 (ALL CASES)<br><br>Hon. Joan H. Lefkow |
|---|---|---|

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS THAT THE ’141, ’306, ’313 AND ’148 PATENTS ARE UNENFORCEABLE**

In its opposition, UMS does not dispute that it explicitly, and repeatedly, averred that it had "all substantial rights" to the Terminally Disclaimed Patents. UMS also does not dispute that it repeatedly attested in open court that it was not the owner, or even in privity with the owner, of the ’066 patent. These statements are binding judicial admissions. The result of these undisputed admissions is a clear violation of the terminal disclaimers. Therefore, this Court should grant Defendants' motion for judgment on the pleadings.

UMS attempts to avoid this fate by interjecting its agreement with AMT, a stranger to these proceedings. But no agreement can trump UMS's unequivocal judicial admissions. Moreover, UMS's reliance on that agreement is improper because ***UMS refused to produce a complete copy***. Instead, UMS redacted, based on privilege, nearly 20 key pages relating to supposed "Covered Entities." UMS nevertheless argues in its opposition that the redacted agreement and alleged division of rights regarding "Covered" and "non-Covered Entities" saves it from a finding that the Terminally Disclaimed Patents are unenforceable. Although UMS is wrong, the Court need not reach the merits of that inquiry. It is well established that one cannot

hide information behind the shield of privilege and then use the withheld information as a sword in litigation. In short, the document UMS relies upon has no place in the terminal disclaimer analysis because, among other reasons, UMS has used privilege to shield it from disclosure to Defendants.

Even if the Court considers the merits of the document, the result is the same. The agreement—to the extent that it can be discerned from the unredacted portions—***divides*** ownership of the Terminally Disclaimed Patents and the '066 patent between UMS and AMT. Thus, even under that document, the Terminally Disclaimed Patents are unenforceable.

**ARGUMENT**

**I. UMS IS BOUND BY ITS ADMISSIONS**

UMS pled in every complaint it has filed that it has "ownership of all substantial rights [in the asserted patents] . . . including the right to exclude others and to enforce, sue and recover damages for past and future infringement," *i.e.*, that UMS is the owner of the Terminally Disclaimed Patents. *See, e.g.*, First Am. Compl. (Dk. No. 120) at ¶¶ 21, 26, 31, and 36; *see also* Second Am. Compl. (Dk. No. 143) at ¶ 8. UMS confirmed this claim in open court, stating that AMT was the "previous patent owner," *i.e.*, not the current owner of the Terminally Disclaimed Patents. *See* Dkt. No. 562-7 at 60:11-12. Each of these statements constitutes a judicial admission that UMS, and not AMT, owns the Terminally Disclaimed Patents.

For its part, AMT has alleged that it is the owner of the '066 patent—a fact that UMS conceded in open court. And UMS unequivocally admitted that AMT, not UMS, is the owner of the '066 patent—even when this question was implicitly posed by the Court. *See, e.g.*, *id.* at 74:13–17 ("The Court: Why would Unified take a different position than the owner than [sic] of the patent on this issue? UMS Counsel: Because I believe they are going to try and bring in an expert and say using that definition they don't infringe."); *see also id.* at 75:4-18 (arguing that

AMT is a "different entity" and that UMS is not even in privity with the owner of the '066 patent).

As a matter of law, these admissions establish that ownership has been split in violation of the terminal disclaimers, thus rendering the Terminally Disclaimed Patents unenforceable. *See, e.g.*, *Enovsys LLC v. Nextel Comm'cns, Inc.*, 2008 WL 8773518,*1 (C.D. Cal. Feb. 26, 2008) (terminal disclaimer violated because "the '461 patent was wholly owned by Fomukong" but the '159 patent was not); *LG Philips LCD Co. v. Tatung Co. of Am.*, slip op. (C.D. Cal. Sept. 19, 2005) (Dkt. 562-9) (same); *see also Merck & Co., Inc. v. ITC*, 774 F.2d 483 (Fed. Cir. 1985).

To avoid this inevitable outcome, UMS's opposition presents a barrage of contradictory and inconsistent arguments. UMS begins by engaging in historical revisionism to "explain away" the unequivocal statements it made to the Court (*see* Dkt. No. 589 at 6-8), acting as if the extensive argument by the parties and questioning from the Court regarding privity and judicial estoppel never occurred. For instance, UMS now claims it only argued at the *Markman* hearing that claim construction is an evolving process and a court's claim constructions are thus subject to reconsideration. But UMS conveniently forgets that the terms at issue were stipulated to by AMT. When Defendants sought to apply AMT's stipulated constructions to UMS under judicial estoppel, UMS resisted, arguing there was no privity. *See* Dkt. No. 562-7 75:7–12. Specifically, when the Court asked UMS "[w]hat about the doctrine of judicial estoppel," UMS's counsel replied, "It doesn't apply." *Id*. The Court further asked "You're not in privity," and UMS responded "No, per the Pfizer case." *Id.*

However, in its opposition to the instant motion, UMS takes the opposite position. *See* Dkt. No. 589 at 12. In an attempt to avoid the consequences of its judicial admissions, UMS reverses course, claiming *res judicata* and collateral estoppel *would* apply, *i.e.*, that it is in privity

with AMT. *See, e.g., DeGuelle v. Camilli*, --- F.3d --- , 2013 WL 3942906, at *1 (7th Cir. Aug. 1, 2013) (res judicata and collateral estoppel cannot apply if there is no privity). The record could not be clearer.[1] *See* Dkt. No. 562-7 (collecting relevant pages from transcript). UMS's admissions, as explained in Defendant's opening motion, render the Terminally Disclaimed Patents unenforceable.

The crux of UMS's opposition is that—contrary to its explicit judicial admissions—ownership of the Terminally Disclaimed Patents and the '066 patent is governed by an extrinsic agreement between it and AMT. But it is well settled that extrinsic evidence cannot supersede clear and undisputed judicial admissions. *See, e.g, Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) ("A judicial admission trumps evidence." (*quoting Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996)). "Allegations in a complaint are binding admissions, and admissions can of course admit the admitter to the exit from the federal courthouse." *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995) (internal citations omitted). "The statements of a party's lawyer in open court" also "constitute judicial admissions binding on the party." *Ash v. Wallenmeyer,* No. 85 C 8557, 1990 WL 70447, at *3 (N.D. Ill. May 4, 1990) (*citing* Wigmore on Evidence, § 2594).

This Court thus need not consider the merits of the UMS-AMT agreement.[2] *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("A plaintiff 'pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.'"

[1] Tellingly, UMS does not even attempt to explain away its admission that AMT is a "previous [*i.e.*, not current] patent owner" of the Terminally Disclaimed Patents. *See* Dkt. No. 562-7 at 60:11-12.

[2] Because it is unnecessary for the Court to look at the purported license agreement that UMS has attached to its response (Dkt. No. 589), this motion can be properly determined on the pleadings under Federal Rule of Civil Procedure 12(c). Even if the Court considers the UMS-AMT agreement, converting this motion into a summary judgment motion under Federal Rule of Civil Procedure 12(d), the outcome is the same for the reasons explained below.

(internal citation omitted)). UMS's latest tactic violates longstanding notions of fair play and justice. It would allow a litigant to submit evidence for the purpose of contradicting its own binding statements made in its pleadings and in open court. *See Chaney v. Plainfield Healthcare Center*, 612 F.3d 908, 912 n.1 (7th Cir. 2010) (ignoring counsel's "interpretation of evidence" that contradicts an "earlier judicial admission"); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) (rejecting appellant's attempt to take a legal position contradicted by an allegation in its complaint, which was a binding judicial admission). UMS repeatedly admitted that it had all substantial rights to the Terminally Disclaimed Patents, but no rights to the '066 patent. UMS's admissions establish a binding record, and govern this issue.

## II. THE UMS-AMT AGREEMENT DOES NOT SAVE UMS

### A. UMS Cannot Retreat Behind The Heavily Redacted UMS-AMT Agreement

Most of UMS's opposition is devoted to explaining why the UMS-AMT agreement allegedly saves it from unenforceability. As explained below, this argument is without merit. However, this Court need not reach the merits because UMS is not entitled to rely on that document "as both a sword and shield." *See Laborers' Pension Fund v. Surface Dimensions, Inc.*, No. 07 C 3860, 2011 WL 841515, at *6 (N.D. Ill. Mar. 8, 2011 (Lefkow, J.). UMS's opposition points almost exclusively to a purported division of rights in the agreement based on "Covered Entities," a term apparently defined in exhibits to that document. UMS argues this "Covered Entities" ownership scheme is somehow dispositive of this motion. UMS, however, refused to produce nearly 20 pages of that document, almost all dealing with this "Covered Entities" distinction. *See* Dkt. No. 589-2 at 17–25. It is thus unfair to permit UMS to withhold key portions of that document based on privilege, but then also allow UMS to avail itself of the

agreement to avoid unenforceability.[3] *See Laborers' Pension Fund*, 2011 WL 841515 at *6 (disregarding affidavit on topic that affiant invoked the privilege of the Fifth Amendment during deposition). "[T]his is a stratagem that federal courts guard against in the context of a motion for summary judgment." *Id.*

**B. Defendants' Motion Should Be Granted Even If The UMS-AMT Agreement Is Considered**

If the Court does consider the UMS-AMT agreement, Defendants' motion must still be granted. UMS claims that under the terms of the redacted agreement, the terminal disclaimers are not violated because both UMS and AMT "jointly and commonly" own the patents. Dkt. No. 589 at 2. UMS is wrong. The agreement between UMS and AMT—as best as Defendants can make out—splits the property, *i.e.*, UMS and AMT have divided interests in the patents. To be sure, the right to sue has apparently been divided by an arbitrary (but again, redacted) distinction between "Covered" and "non-Covered Entities." Thus, there is no common, undivided ownership of the Terminally Disclaimed Patents and the '066 patent; the terminal disclaimers have been violated. Once again, UMS resorts to a cacophony of inconsistent and legally baseless arguments to avoid unenforceability.

There is no dispute that only the owner of a patent, *i.e*., the entity with all substantial rights, can bring a suit for infringement in its own name. UMS, however, initially argues the terminal disclaimers are not violated because it and AMT both have "all substantial rights" in the

[3] The agreement is further inadmissible because UMS failed to lay any evidentiary foundation for the agreement. *See* Fed. R. Civ. P. 56(c)(4). It was not attached to the affidavit of a fact witness with personal knowledge of UMS's contract with AMT. Rather, UMS's outside trial counsel simply attached the agreement to his own declaration. Thus, the notion that the written agreement is authentic evidence that bears on the issues in this motion is supported only by hearsay and incompetent evidence. *See Smiley v. Columbia College Chicago*, 714 F.3d 998, 1005 (7th Cir. 2013) (document disregarded for summary judgment purposes where it was not attached to an affidavit that met the requirements of Fed. R. Civ. P. 56(c)(4)); *Scott v. Edinburg*, 346 F.3d 752, 759 (7th Cir. 2003); *see also United Phosphorus, Ltd. v. Angus Chem. Co., No*. 94 C 2078, 1996 WL 14036 (N.D. Ill. Jan. 11, 1996) (applying same evidentiary standards in instance where an extrinsic document was properly considered on a Rule 12 motion).

patents. This cannot be true as a matter of law. It is well settled that "at least for purposes of determining standing to sue for infringement, there may not be multiple groups or unaffiliated individuals who claim ownership of the patent; one of these groups or individuals must be determined to be the owner, and that owner is the only party with standing to sue on its own name." *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1359–60, n.2 (Fed. Cir. 2010). To the extent UMS claims the UMS-AMT agreement creates such a scenario, it is a legal fiction. UMS has sued as sole plaintiff time and time again under the Terminally Disclaimed Patents and affirmatively stated it is not the owner of the ’066 patent. AMT, on the other hand, has repeatedly sued under the ’066 patent, without the participation of UMS. Thus, UMS owns the Terminally Disclaimed Patents and AMT owns the ’066 patent, rendering the Terminally Disclaimed Patent unenforceable.[4]

As a fallback position, UMS asks that if this Court finds (as it should) that UMS does not own all substantial rights in the Terminally Disclaimed Patents and the ’066 patent, then it should deem UMS as a "bare licensee." *See* Dkt. 589 at 2, 9 n.16 ("If the assignment does not convey undivided ownership, then it is **always relegated to bare license status**." (emphasis in original)). In view of UMS's unambiguous averments in the complaint that it has "ownership of all substantial rights" in the asserted patents, the Court should not allow UMS to now argue that it is merely a bare licensee to the patents. Regardless, UMS's fallback position fairs no better

[4] UMS also now claims that AMT is "***a current patent owner***" of the Terminally Disclaimed Patents and in privity with UMS, even though UMS's counsel looked the Court in the eyes and represented the exact opposite. Dkt. No. 562-7 at 60:11-12 (stating that AMT is a "previous patent owner"). Of course, AMT cannot (1) be the "previous patent owner" so that UMS has constitutional standing (and for judicial estoppel to not apply), and yet (2) simultaneously be the "current patent owner," jointly and commonly with UMS, so that the terminal disclaimers have not been violated.

because, as a bare licensee, UMS would lack constitutional standing to sue for infringement.[5] *See, e.g., Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998) (*citing Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995) (*en banc*)) ("a bare licensee has no standing at all"); *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1193–94 (Fed. Cir. 2007) ("Thus, an infringement action brought by a bare licensee must be dismissed."). UMS thus goes so far as to claim it has no constitutional standing at all, rather than squarely address the issue of unenforceability.

UMS then attempts to get out from this quandary of constitutional standing by making the newfound argument that it may be "an exclusive, territorial licensee with rights covering all subject matter in all patents." UMS's position on this score is directly contradicted by the express language of the agreement. Whatever rights are conferred to UMS under its redacted agreement with AMT, it is clear that the territory is "worldwide." Dkt. No. 589-2 at § 2.2. Dividing rights to sue by entities is not a geographical division of the patent rights; therefore UMS cannot claim it holds a territorial license.[6] The law does not allow one party to have "all substantial rights" as to "Covered Entities," while another has "all substantial rights" as to "non-Covered Entities." *See Princeton Digital Image Corp. v Hewlett-Packard*, 2013 WL 1454945, at

[5] UMS misrepresents to the Court that the standing issue for a bare licensee could be solved by joining AMT to the case. The very case it cites states the exact opposite. *Compare* Dkt. No. 589 at 9 n.16 (*citing Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1348 (Fed. Cir. 2001) *with Intellectual Prop.*, 248 at 1345 ("[A] 'bare' license . . . confers no constitutional standing on the licensee under the Patent Act to bring suit or even to join a suit with the patentee.").

[6] "To be an exclusive licensee for standing purposes, a party must have received, not only the right to practice the invention ***within a given territory***, but also the patentee's express or implied promise that others shall be excluded from practicing the invention ***within that territory*** as well." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1552 (Fed. Cir. 1998) (*en banc*) (emphasis added). UMS cannot be granted the exclusive right to practice the invention within the territory of a business; this statement itself is illogical. *Cf.* 35 U.S.C. § 261; *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) ("Section 261 recognizes, and courts have long held, that an exclusive, territorial license is equivalent to an assignment and may therefore confer standing upon the licensee to sue for patent infringement.").

*5–6 (S.D.N.Y. Mar. 21, 2013) (PDIC and GE did not both have "all substantial rights" to the patents-in-suit where the license agreement purported to give each the right to sue different sets of entities). The notion, advanced by UMS in its opposition brief, that a license relating to "Covered Entities" is an "exclusive, territorial" license is illogical, unsupported by any authority, and, again, in conflict with UMS's prior claims of ownership.[7]

Ultimately, UMS asks the Court for permission to do exactly what terminal disclaimers are meant to prevent: split the ownership of patents that are essentially directed to the same invention. This is unfair and impermissible not only as a matter of law, but as a matter of policy. If UMS's interpretation of its agreement with AMT is accepted, then a single act of infringement by a Covered Entity could give rise to one lawsuit by UMS against such Covered Entities and a second lawsuit by AMT against the customers or vendors of the Covered Entities who are alleged to have been induced or have induced such Covered Entity. UMS and AMT also could terminate the agreement, in which case the same party could be subject to lawsuit by different plaintiffs arising from the same patents. These are just some of the ways in which acceptance of this agreement would open the door for UMS and AMT to violate the intent and purpose of the terminal disclaimers by subjecting multiple persons and entities to duplicative liability based on the same purportedly infringing activity. Indeed, UMS has already advocated for an inconsistent interpretation of the patent claims, refusing to be bound by claim constructions that should apply

[7] UMS's new "exclusive, covered-entity licensee" category also effectively asks this Court to establish an end-run around the policy principles set forth long ago by the Supreme Court in *Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24 (1923). UMS argues that it has an exclusive territorial license but only as to specific defendants. This is nothing more than a license to sue specific parties, *i.e.*, the Covered Entities. But, in *Crown Die*, the Court found that an assignment of the right to sue for patent infringement fails to provide constitutional standing. *Id.* at 39. Yet, UMS now asks the Court to condone that very same type of arrangement simply because it refers to itself as a "territorial" license. *See also Propat*, 473 F.3d 1187, 1194 (Fed. Cir. 2007) (affirming the principles set forth in *Crown Die*, and finding that an agreement exceptionally similar to the UMS-AMT agreement failed to provide standing).

to both the ’066 patent and some of the Terminally Disclaimed Patents. Defendants thus respectfully request that the Terminally Disclaimed Patents be found unenforceable before the terminal disclaimers are further violated.

**CONCLUSION**

UMS cannot avoid its judicial admissions or reconcile them to its position on this motion. For the reasons stated above and in Defendants’ opening memorandum, Defendants respectfully request that this Court dismiss each case in which only the Terminally Disclaimed Patents are asserted on the grounds that the Terminally Disclaimed Patents are unenforceable (*i.e.*, the cases filed against Orbitz, LLC, Scottrade, Inc., Groupon, Inc., The Vanguard Group, Inc., Vanguard Marketing Corporation, United Air Lines, Inc., and Government Employees Insurance Company and GEICO Advantage Insurance Company). In those cases where the Defendants are accused of infringing patents other than the Terminally Disclaimed Patents, the Defendants respectfully request that the Terminally Disclaimed Patents be dismissed from those actions as unenforceable. In the alternative, the Court should dismiss these entire actions for lack of constitutional standing.

| Dated: August 9, 2013 | Respectfully submitted,<br><br>By: */s/ Kal K. Shah*<br>Kal K. Shah<br>THOMPSON COBURN LLP<br>55 East Monroe Street<br>Chicago, IL 60603<br>Tel: 312.580.2338<br>KShah@thompsoncoburn.com<br><br>Anthony F. Blum<br>THOMPSON COBURN, LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Tel: 314.552.6291<br>ablum@thompsoncoburn.com |
|---|---|

<table>
<tr><td></td><td>Attorneys for Defendant ORBITZ, LLC</td></tr>
<tr><td>By: /s/ Deanna R. Swits<br>Deanna R. Swits (Ill. Bar No. 6287513)<br>dswits@nixonpeabody.com<br>Jason T. Kunze (Ill. Bar No. 6300271)<br>jkunze@nixonpeabody.com<br>Nixon Peabody LLP<br>300 South Riverside Plaza, 16th Floor<br>Chicago, IL 60606<br>Telephone: 312-425-3900<br>Facsimile: 312-425-3909<br><br>Jason C. Kravitz (Mass. Bar No. 565904)<br>(admission pro hac vice to be requested)<br>jkravitz@nixonpeabody.com<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110-2131<br>Telephone: 617-345-1000<br>Facsimile: 617-345-1300<br><br>Attorneys for Defendant STATE STREET CORPORATION</td><td>By: /s/ Lee F. Johnston<br>Lee F. Johnston (admitted pro hac vice)<br>Email: johnston.lee@dorsey.com<br>Case Collard<br>Email: collard.case@dorsey.com<br>DORSEY &WHITNEY LLP<br>1400 Wewatta Street, Suite 400<br>Denver, CO 80202<br>Telephone: (303) 629-3400<br>Facsimile: (303) 629-3450<br><br>Attorneys for Defendant AMERIPRISE FINANCIAL INC.</td></tr>
<tr><td>By: /s/ Rick L. Rambo<br>Rick L. Rambo, Lead Attorney<br>State Bar No. 00791479<br>rrambo@morganlewis.com<br>Thomas R. Davis<br>State Bar No. 24055384<br>tdavis@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>713.890.5000 Telephone<br>713.890.5001 Facsimile<br><br>Attorneys for Defendant CEQUEL COMMUNICATIONS,<br>LLC D/B/A SUDDENLINK COMMUNICATIONS</td><td>By: /s/ M. Dru Montgomery<br>J. Thad Heartfield<br>(Texas Bar No. 09346800)<br>M. Dru Montgomery<br>(Texas Bar No. 24010800)<br>THE HEARTFIELD LAW FIRM<br>2195 Dowlen Road<br>Beaumont, TX 77706<br>Tel: 409.866.3318<br>Fax: 409.866.5789<br>thad@jth-law.com<br>dru@jth-law.com<br><br>Attorneys for Defendants CONN'S, INC. AND CONN APPLIANCES, INC.</td></tr>
<tr><td>By: /s/ Thomas L. Duston</td><td>By: /s/ Thomas L. Duston</td></tr>
</table>

| | |
|---|---|
| Thomas L. Duston<br>Paul B. Stephens<br>Scott A. Sanderson<br>MARSHALL, GERSTEIN & BORUN LLP<br>6300 Willis Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>Tel: 312.474.6300<br>tduston@marshallip.com<br>pstephens@marshallip.com<br>ssanderson@marshallip.com<br><br>***Attorneys for Defendant UNITED AIR LINES, INC.*** | Thomas L. Duston<br>Kevin D. Hogg<br>Scott A. Sanderson<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606-6357<br>Tel: 312.474.6300<br>tduston@marshallip.com<br>khogg@marshallip.com<br>ssanderson@marshallip.com<br><br>***Counsel for Defendant GROUPON, INC.*** |
| By: */s/ Jeffrey G. Mote*<br>Jeffrey G. Mote<br>Matthew J. Levinstein<br>GREENBERG TRAURIG, LLP<br>77 West Wacker Drive<br>Suite 3100<br>Chicago, IL 60601<br>T: (312) 456-8400 / F: (312) 456-8435<br>motej@gtlaw.com<br>levinsteinm@gtlaw.com<br><br>Jerry Fellows<br>GREENBERG TRAURIG, LLP<br>2375 East Camelback Road, Suite 700<br>Phoenix, Arizona 85016<br>T: (602) 445-8000 / F: (602) 445-8100<br>fellowsj@gtlaw.com<br><br>***Attorneys for Defendant CUPID PLC.*** | By: */s/ Galyn Gafford*<br>Galyn Gafford<br>Michael Scott Fuller<br>Roger B. Cowie<br>LOCKE LORD BISSELL & LIDDELL LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, TX 75201-6776<br>Tel: 214.740.8614<br>Fax: 214.740.8800<br>ggafford@lockelord.com<br>sfuller@lockelord.com<br>rcowie@lockelord.com<br><br>Gregory Thomas Casamento<br>LOCKE LORD LLP (NYC)<br>3 World Financial Center, 20th Floor<br>New York, NY 10001<br>Tel: 212.415.8600<br>Fax: 212.303.2754<br>gcasamento@lockelord.com<br><br>***Attorneys for Defendants HSBC NORTH AMERICA HOLDINGS INC. AND HSBC USA INC./HSBC BANK USA, NATIONAL ASSOCIATION*** |
| By: /s/ *Yar Chaikovsky*<br>Jeffrey Stone (SBN 6189590)<br>Matthew Gryzlo (SBN 6243042)<br>Amol Parikh (SBN 6285077) | By: */s/ Edward Pak*<br>Edward Pak<br>Email: edward@212media.com<br>[212]Media, LLC |

<table>
<tr><td>MCDERMOTT WILL &EMERY LLP<br>227 West Monroe Street<br>Chicago, Illinois 60606<br>Tel: 312.372.2000<br>Fax: 312.984.7700<br>jstone@mwe.com<br>mgryzlo@mwe.com<br>amparikh@mwe.com<br><br>Yar Chaikovsky<br>D. Stuart Bartow<br>Bryan James<br>MCDERMOTT WILL & EMERY LLP<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA 94025-4004<br>(650) 815-7400<br>(650) 815-7401 – fax<br>ychaikovsky@mwe.com<br>sbartow@mwe.com<br>bjames@mwe.com<br><br>Counsel for Defendant YAHOO! INC.</td><td>460 Park Avenue South, 4th Floor<br>New York, NY 10016<br>Telephone: (646) 660-9436<br>Facsimile: (646) 349-4013<br><br>Attorney for Defendant SPORTSVITE, LLC</td></tr>
<tr><td>By: /s/ Henry Huang<br>Henry Huang (admitted pro hac vice)<br>Ropes & Gray LLP<br>700 12th St. NW Suite 900<br>Washington, DC 20005<br>(202) 508-4600<br>henry.huang@ropesgray.com<br><br>Attorney for Defendant Branch Banking and Trust Company</td><td>By: /s/ Benjamin J. Bradford<br>Reginald J. Hill<br>Benjamin J. Bradford<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, Illinois 60654-3456<br>Tel.: (312) 222-9350<br>Fax: (312) 527-0484<br><br>Attorney for Defendant BMO HARRIS BANK N.A.</td></tr>
<tr><td>By: /s/ Beverly A. Marsh<br>Jeffrey S. Standley<br>F. Michael Speed, Jr.<br>Beverly A. Marsh<br>STANDLEY LAW GROUP LLP<br>6300 Riverside Drive<br>Dublin, Ohio 43017<br>Tel: (614) 792-5555<br>Fax: (615) 792-5536<br>jstandley@standleyllp.com</td><td>By: /s/ Jason M. Schwent<br>Jason M. Schwent<br>Thomas E. Douglass<br>Anthony F. Blum<br>THOMPSON COBURN, LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Tel: 314.552.6291<br>Fax: 314.552.7291<br>jschwent@thomascoburn.com</td></tr>
</table>

<table>
<tr>
<td>mspeed@standleyllp.com<br>bmarsh@standleyllp.com<br><br>Attorneys for Defendant HUMANA INC.</td>
<td>tdouglass@thompsoncoburn.com<br>ablum@thompsoncoburn.com<br><br>Attorneys for Defendant SCOTTRADE, INC.</td>
</tr>
<tr>
<td>By: <u>/s/ Russell S. Jones, Jr.</u><br>Russell S. Jones, Jr. (N.D. IL #30814)<br>POLSINELLI SHUGHART PC<br>Twelve Wyandotte Plaza<br>120 W. 12th Street<br>Kansas City, MO 64105<br>(816) 421-3355<br>Fax No.: (816) 374-0509<br>rjones@polsinelli.com<br><br>Jay E. Heidrick<br>POLSINELLI SHUGHART PC<br>6201 College Blvd., Suite 500<br>Overland Park, KS 66211<br>(913) 234-7506<br>Fax No. (913) 451-6205<br>jheidrick@polsinelli.com<br><br>Attorneys for SPRINT NEXTEL CORPORATION</td>
<td>By: <u>/s/ Norwood Jameson</u><br>Rachael G. Pontikes (#6275709)<br>rgpontikes@duanemorris.com<br>DUANE MORRIS LLP<br>190 South LaSalle Street<br>Suite 3700<br>Chicago, Illinois 60603<br>(312) 499-6757 (Telephone)<br>(312) 277-6903 (Facsimile)<br><br>L. Norwood Jameson (admitted pro hac vice)<br>(GA Bar No. 003970)<br>Matthew C. Gaudet (admitted pro hac vice)<br>(GA Bar No. 287789)<br>John R. Gibson (admitted pro hac vice)<br>(GA Bar No. 454507)<br>wjameson@duanemorris.com<br>mcgaudet@duanemorris.com<br>jrgibson@duanemorris.com<br>1075 Peachtree Street NE, Suite 2000<br>Atlanta, Georgia 30309<br>(404) 253-6900 (Telephone)<br>(404) 253-6901 (Facsimile)<br><br>Attorneys For Defendants COXCOM, LLC AND EARTHLINK, INC.</td>
</tr>
<tr>
<td>By: <u>/s/ Lauren K. Schwartz</u><br>KIRKLAND & ELLIS LLP<br>Brian D. Sieve, P.C.<br>Email: brian.sieve@kirkland.com<br>Craig D. Leavell<br>mail: craig.leavell@kirkland.com<br>Lauren K. Schwartz<br>Email: lauren.schwartz@kirkland.com<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000<br>Attorneys for Defendant FIRST TENNESSEE BANK NATIONAL ASSOCIATION</td>
<td>By: <u>/s/ Lauren K. Schwartz</u><br>Jeffrey G. Mote<br>Matthew J. Levinstein<br>GREENBERG TRAURIG, LLP<br>77 West Wacker Drive<br>Suite 3100<br>Chicago, IL 60601<br>T: (312) 456-8400 / F: (312) 456-8435<br>motej@gtlaw.com<br>levinsteinm@gtlaw.com<br><br>Jerry Fellows<br>GREENBERG TRAURIG, LLP<br>2375 East Camelback Road, Suite 700<br>Phoenix, Arizona 85016</td>
</tr>
</table>

| | |
|---|---|
| | T: (602) 445-8000 / F: (602) 445-8100<br>fellowsj@gtlaw.com<br><br>***Attorneys for Defendants FRIENDFINDER NETWORKS INC. AND VARIOUS, INC.*** |
| By: */s/ Timothy J. Carroll*<br>Howard Cabot<br>PERKINS COIE LLP<br>2901 North Central Avenue, Suite 2000<br>Phoenix, AZ 85012<br>Tel: 602.351.8000<br><br>Timothy J. Carroll<br>Steven M. Lubezny<br>PERKINS COIE LLP<br>131 South Dearborn Street, Suite 1700<br>Chicago, IL 60603<br>Tel: 312.324.8400<br><br>Manny Caixeiro<br>PERKINS COIE LLP<br>30 Rockefeller Center, 25th Floor<br>New York, NY 10112-0085<br>Tel: 212.262.6900<br><br>***Attorneys for Defendants THE VANGUARD GROUP,<br>INC. AND VANGUARD MARKETING CORPORATION*** | By: */s/ Rick L. Rambo*<br>Rick L. Rambo, Lead Attorney<br>State Bar No. 00791479<br>rrambo@morganlewis.com<br>Thomas R. Davis<br>State Bar No. 24055384<br>tdavis@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>713.890.5000 Telephone<br>713.890.5001 Facsimile<br><br>***Attorneys for Defendant WINDSTREAM CORPORATION*** |
| By: */s/ Rick L. Rambo*<br>Rick L. Rambo, Lead Attorney<br>State Bar No. 00791479<br>rrambo@morganlewis.com<br>Thomas R. Davis<br>State Bar No. 24055384<br>tdavis@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>713.890.5000 Telephone<br>713.890.5001 Facsimile<br>Scott D. Sherwin<br>ARDC No. 6293788<br>ssherwin@morganlewis.com | By: */s/ Brian D. Roche*<br>Brian D. Roche<br>Jennifer Yule DePriest<br>Reed Smith LLP<br>10 South Wacker Drive<br>Chicago, Ill 60606<br>Telephone: 312.207.1000<br>Facsimile: 312.207.6400<br>Email: broche@reedsmith.com<br>Email: jdepriest@reedsmith.com<br><br>David T. Pollock (application to appear pro hac vice pending)<br>Reed Smith LLP<br>101 Second Street, Suite 1800 |

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, Suite 500<br>Chicago, IL 60601<br>(312) 342-1789 Telephone<br>(312) 324-1001 Facsimile<br><br>***Attorneys for Defendants PNC BANK, N.A., AND RBC BANK (USA)*** | San Francisco, CA 94105-3659<br>Telephone: 415.543.8700<br>Facsimile: 415.391.8269<br>Email: dpollock@reedsmith.com<br><br>***Attorneys for Defendant GENERAL ELECTRIC CAPITAL SERVICES, INC.*** |
| By: */s/ Lisa K. Nguyen*<br>Nicholas J. Siciliano<br>LATHAM & WATKINS, LLP<br>233 South Wacker Drive, Suite 5800<br>Chicago, IL 60606<br>Telephone: +1.312.777.7021<br>E-Mail: nicholas.siciliano@lw.com<br><br>Richard G. Frenkel<br>(Admitted Pro Hac Vice)<br>Lisa K. Nguyen<br>(Admitted Pro Hac Vice)<br>LATHAM & WATKINS, LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: +1.650.328.4600<br>E-Mail: rick.frenkel@lw.com<br>E-Mail: lisa.nguyen@lw.com<br><br>***Attorneys for Defendant BANCORPSOUTH, INC.*** | By: */s/ Lisa K. Nguyen*<br>Nicholas J. Siciliano<br>LATHAM & WATKINS, LLP<br>233 South Wacker Drive, Suite 5800<br>Chicago, IL 60606<br>Telephone: +1.312.777.7021<br><br>Matthew J. Moore<br>(Admitted as Pro Hac Vice)<br>LATHAM & WATKINS, LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004-1304<br>Telephone: +1.202.637.2278<br><br>Clement J. Naples<br>(Admitted as Pro Hac Vice)<br>LATHAM & WATKINS, LLP<br>885 Third Avenue<br>New York, NY 10022-4834<br>Telephone: +1.212.906.1331<br><br>Lisa Nguyen<br>(Admitted as Pro Hac Vice)<br>LATHAM & WATKINS, LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: +1.650.470.4848<br><br>***Attorneys for Defendants GOVERNMENT EMPLOYEES INSURANCE COMPANY AND GEICO ADVANTAGE INSURANCE COMPANY*** |
| By: */s/ Steven J. Reynolds*<br>Steven J. Reynolds<br>(Illinois State Bar No. 6293634)<br>steven.reynolds@dlapiper.com<br>DLA PIPER LLP (US)<br>203 North LaSalle Street, Suite 1900 | By: /s/ *Yar Chaikovsky*<br>Jeffrey Stone (SBN 6189590)<br>Matthew Gryzlo (SBN 6243042)<br>Amol Parikh (SBN 6285077)<br>MCDERMOTT WILL &EMERY LLP<br>227 West Monroe Street |

| | |
|---|---|
| Chicago, Illinois 60601<br>T. 312.368.3467<br>F. 312.630.6352<br><br>John M. Guaragna<br>(Texas State Bar No. 24043308)<br>john.guaragna@dlapiper.com<br>Brian K. Erickson<br>(Texas State Bar No. 24012594)<br>brian.erickson@dlapiper.com<br>DLA PIPER LLP (US)<br>401 Congress Avenue, Suite 2500<br>Austin, Texas 78701-3799<br>T. 512.457.7000<br>F. 512.457.7001<br><br>***Attorneys for Defendants TD AMERITRADE HOLDING CORPORATION AND TD AMERITRADE, INC.*** | Chicago, Illinois 60606<br>Tel: 312.372.2000<br>Fax: 312.984.7700<br>jstone@mwe.com<br>mgryzlo@mwe.com<br>amparikh@mwe.com<br><br>Yar Chaikovsky<br>D. Stuart Bartow<br>Bryan James<br>MCDERMOTT WILL & EMERY LLP<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA 94025-4004<br>(650) 815-7400<br>(650) 815-7401 – fax<br>ychaikovsky@mwe.com<br>sbartow@mwe.com<br>bjames@mwe.com<br><br>**Counsel for Defendant TWITTER INC.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 9th day of August, 2013.

/s/ *Anthony F. Blum*
Anthony F. Blum