**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: UNIFIED MESSAGING SOLUTIONS LLC AND ADVANCED MESSAGING TECHNOLOGIES, INC. PATENT LITIGATION | MDL No. 2371<br><br>Master Docket No. 12 C 6286<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS UNIFIED MESSAGING SOLUTIONS LLC
AND ADVANCED MESSSAGING TECHNOLOGIES, INC.'S
<u>MOTION FOR RECONSIDERATION</u>**

Plaintiffs Unified Messaging Solutions LLC and Advanced Messaging Technologies, Inc. respectfully request that, under Fed. R. Civ. P. 54(b), the Court reconsider its December 20, 2013 Rulings on Claim Construction with respect to the term *message*. The Court's construction of *message* should be revised to indicate that (1) a message needs not always be received, (2) that a message need not be communicated over a telephone line, and (3) that a message may be an email message.

As grounds for this Motion, which are more fully set forth in the Memorandum in Support of Plaintiffs' Motion for Reconsideration filed contemporaneously herewith (and incorporated herein by reference), Plaintiffs state as follows:

In its Rulings on Claim Construction, the Court improperly construed the term *message* to mean "communication received over a telephone line in audio, facsimile, or data file format." The Court justifies its decision by exclusive reference to the preferred embodiment memorialized in the specification of the patents-in-suit. By restricting its construction to the preferred embodiment, the Court committed legal error. Additionally, the Court's reliance on certain

portions of the specification suggests that it may not have appropriately understood the subject technology or the relevant state of the art. Such misapprehension also substantiates reconsideration.

Proper claim construction starts with the plain and ordinary meaning of the claims and requires that the Court consider claim language from the perspective of a person having ordinary skill in the art at the time of the invention. Though this effort entails consideration of the context in which the patents are written, it is <u>legally inappropriate</u> to confine the broad reach of claims to a disclosed embodiment absent unmistakable language in the specification to the contrary. Such unmistakable language takes one of two forms: (i) when the patentee acts as his or her own lexicographer and specifically defines a term or phrase in a way that departs from the ordinary meaning; or (ii) when the patentee makes statements in the intrinsic record that rise to the level of unambiguous and intentional disavowal of claim coverage. The Court's construction *message* strays from seminal Federal Circuit precedent and improperly restricts the term to a preferred embodiment, committing legal error of the sort this Court has reconsidered in the past.

Further, the Court's construction appears to misapprehend the factual underpinnings that one of skill in the art would properly consider when reviewing the subject patents and their claims. Specifically, the Court's rationale for its construction of *message* suggests a fundamental misunderstanding regarding the skilled artisan's view of (1) whether *messages* would signal email messages, (2) whether *messages* must be transmitted over a telephone line, and (3) whether *message* is properly restricted by a receipt limitation. Such misapprehension constitutes a manifest error of fact, requiring reconsideration.

Due to material errors of law and fact, the Court should revisit its construction of *message* to accurately reflect the term's intended plain and ordinary meaning — *messages* are

communications from a sender to a recipient.

WHEREFORE, Plaintiffs Unified Messaging Solutions LLC and Advanced Messaging Technologies, Inc. respectfully request that the Court grant their Motion for Reconsideration.

Dated: **January 16, 2014**.			By:

/s/ *Edward R. Nelson, III*
Edward R. Nelson, III
Texas State Bar No. 00797142
Lead Counsel
Brent N. Bumgardner
Texas State Bar No. 00795272
Christie B. Lindsey
Texas State Bar No. 24041918
Thomas C. Cecil
Texas State Bar No. 24069489
Jonathan H. Rastegar
Texas State Bar No. 24064043
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
enelson@nbclaw.net
bbumgarnder@nbclaw.net
clindsey@nbclaw.net
tcecil@nbclaw.net
jrastergar@nbclaw.net

Timothy E. Grochocinski
Illinois State Bar No. 6295055
INNOVALAW, P.C.
1900 Ravina Place
Orland Park, IL 60462
(708) 675-1974
teg@innovalaw.com

Anthony G. Simon
Illinois State Bar No. 6209056
Michael P. Kella
Illinois State Bar No. 6307908
Benjamin R. Askew
Illinois State Bar No. 223950
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700

    St. Louis, MO 63101
    (314) 241-2929
    asimon@simonlawpc.com
    mkella@simonlawpc.com
    baskew@simonlawpc.com

    Andrew G. DiNovo
    Texas State Bar No. 0079059
    Jay D. Ellwanger
    Texas State Bar No. 24036522
    DINOVO PRICE ELLWANGER & HARDY, LLP
    700 N. Mopac Expy, Suite 350
    Austin, Texas 78731
    (512) 539-2631
    adinovo@dpelaw.com
    jellwanger@dpelaw.com

    **Attorneys for Plaintiffs**
    **Unified Messaging Solutions LLC and**
    **Advanced Messaging Technologies, Inc.**

## CERTIFICATE OF CONFERENCE

    I hereby certify that on several dates preceding the filing of this Motion, I conferred by phone and email with liaison counsel for the Wave I Defendants, Stuart Bartow, concerning the relief sought, and the Wave I Defendants oppose. Thus, this Motion and the attendant Memorandum in Support are presented to the Court for resolution.

    */s/ Edward R. Nelson, III*
    Edward R. Nelson, III

## CERTIFICATE OF SERVICE

    I hereby certify that on January 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    */s/ Edward R. Nelson, III*
    Edward R. Nelson, III